## BECHER *v.* CONTOURE LABORATORIES, INCORPORATED, ET AL.

No. 559. Argued April 24, 1929.—Decided May 13, 1929.

*Mr. Floyd M. Sheffield* presented the oral argument, and *Mr. O. Ellery Edwards* filed a brief for petitioner.

*Mr. Charles S. Rosenschein,* with whom *Mr. Robert Moers* was on the brief, for respondents.

MR. JUSTICE HOLMES delivered the opinion of the Court.

In September, 1927, the respondents brought an action in the Supreme Court of the State of New York in which they obtained a judgment that the defendant, the petitioner, was trustee *ex maleficio* for Oppenheimer of an invention and letters patent issued to the defendant; that the defendant deliver to the plaintiffs an assignment of the letters patent and give up instruments similar to the invention; that he be enjoined from using, manufacturing, selling, &c., such instruments, and from transferring any rights under the patent, and that he pay costs. The judg-

ment was based on the facts alleged and found, that Oppenheimer, having made the invention in question, employed Becher as a machinist to construct the invented machine and improvements made by Oppenheimer from time to time, and that Becher agreed to keep secret and confidential the information thus obtained and not to use it for the benefit of himself or of any other than Oppenheimer. It was found further, that while engaged in making instruments for Oppenheimer and after having learned from him all the facts, Becher without the knowledge of the plaintiffs and in violation of his agreement and of the confidential relation existing, applied for and obtained a patent, of which Oppenheimer knew nothing until after it had been issued, and while Becher was still making for him the Oppenheimer machine.

The judgment was entered on July 5, 1928, and at about the same time the present suit was brought in the District Court for the Southern District of New York, in which the parties are reversed. Becher sets up his patent, alleges infringement of it and prays an injunction. He also states the earlier proceedings in the State Court, and, although not in very distinct terms, seems to deny the jurisdiction of that Court inasmuch as the allegations of Oppenheimer if sustained, as they were, would show the Becher patent to be invalid; a question, it is said, for the Patent Office and the Courts of the United States alone. An injunction was asked restraining the defendants from further prosecuting their suit in the State Court. A preliminary injunction was denied by the District Court and on appeal the decree was affirmed, and the appellant's counsel consenting if the Court decided that the State Court had jurisdiction, the bill was dismissed. 29 F. (2d) 31.

It is not denied that the jurisdiction of the Courts of the United States is exclusive in the case of suits arising under the patent laws, but it was held below that the

suit in the State Court did not arise under those laws. It is plain that that suit had for its cause of action the breach of a contract or wrongful disregard of confidential relations, both matters independent of the patent law, and that the subject matter of Oppenheimer's claim was an undisclosed invention which did not need a patent to protect it from disclosure by breach of trust. *Irving Iron Works* v. *Kerlow Steel Flooring Co.*, 96 N. J. Eq. 702. *Du Pont de Nemours Powder Co.* v. *Masland*, 244 U. S. 100. Oppenheimer's right was independent of and prior to any arising out of the patent law, and it seems a strange suggestion that the assertion of that right can be removed from the cognizance of the tribunals established to protect it by its opponent going into the patent office for a later title. It is said that to establish Oppenheimer's claim is to invalidate Becher's patent. But, even if mistakenly, the attempt was not to invalidate that patent but to get an assignment of it, and an assignment was decreed. Suits against one who has received a patent of land to make him a trustee for the plaintiff on the ground of some paramount equity are well known. Again, even if the logical conclusion from the establishing of Oppenheimer's claim is that Becher's patent is void, that is not the effect of the judgment. Establishing a fact and giving a specific effect to it by judgment are quite distinct. A judgment *in rem* binds all the world, but the facts on which it necessarily proceeds are not established against all the world, *Manson* v. *Williams*, 213 U. S. 453, 455, and conversely establishing the facts is not equivalent to a judgment *in rem*.

That decrees validating or invalidating patents belong to the Courts of the United States does not give sacrosanctity to facts that may be conclusive upon the question in issue. A fact is not prevented from being proved in any case in which it is material, by the suggestion that

if it is true an important patent is void— and, although there is language here and there that seems to suggest it, we can see no ground for giving less effect to proof of such a fact than to any other. A party may go into a suit estopped as to a vital fact by a covenant. We see no sufficient reason for denying that he may be equally estopped by a judgment. See *Pratt* v. *Paris Gas Light & Coke Co.*, 168 U. S. 255. *Smith & Egge Manufacturing Co.* v. *Webster*, 87 Conn. 74, 85.

*Decree affirmed.*