**DORF v. DENTON et al.**

District Court, S. D. New York.

Jan. 4, 1937.

532

Abner Greenberg, of New York City, for plaintiff.

Murray Ehrlich, of New York City, for defendants Denton, Haskins, and Fagman.

Joseph Rasch, of New York City, for defendant Edward Fleming Printing Corporation.

WOOLSEY, District Judge.

I dismiss the complaint in this cause with costs to the defendants which will include counsel fees as under section 40 of the Copyright Act (17 U.S.C.A. § 40) in the amounts hereinafter indicated.

I. This is a suit for infringement of a copyright of a musical composition by one Leo Wood, which was originally granted to a concern called Meyer Cohen Musical Publishing Company, Inc., on the 19th of November, 1918.

The theory of the suit is that this copyright ultimately was vested in a concern known as Denton & Haskins Music Publishing Company, Inc., of which Philip Dorf, the plaintiff herein, is receiver in sequestration appointed by the Supreme Court of New York County.

II. A short summary of the proceedings in the state court is that Abner Greenberg, who was the plaintiff in the state court, had recovered a judgment against Denton & Haskins Music Publishing Company, Inc., for legal services and, being unable to satisfy this judgment, he applied to the Supreme Court of New York County for the appointment of a receiver in sequestration who would seize the goods and chattels of the defendant and deal with them in behalf of Greenberg and any other creditors.

On the 10th of July, 1934, Greenberg secured the appointment as such receiver in sequestration of one Morris Frank, whose appointment was first temporary but was made permanent on or about January 11, 1935, when final judgment was entered in the said action.

Thereafter Greenberg brought a judgment creditor's suit in his own behalf, and that of other creditors and the receiver against the Denton & Haskins Music Publishing Company, Inc., William R. Haskins, Isabella C. Haskins, Joseph J. Denton, and Joseph P. Fagman, wherein he prayed that:

(1) Certain assignments of copyright of the song "Somebody Stole My Gal" to the defendants Isabella C. Haskins and Joseph P. Fagman, be declared to be in fraud of creditors and void, and that they be returned to the sequestration receiver who had been appointed for the property of the Denton & Haskins Music Publishing Company, Inc.; and

(2) That a chattel mortgage which had been executed by defendant Denton & Haskins Music Publishing Company, Inc., to the defendant Isabella C. Haskins, be adjudged to be in fraud of creditors and held void as to the plaintiff and the other creditors of the Denton & Haskins Music Publishing Company, Inc., and that Isabella C. Haskins be directed to execute such instruments as might be necessary to perfect and ensure title and possession of the copyrights in the receiver.

This suit was tried before the late Mr. Justice John L. Walsh, of the Supreme Court of the State of New York, New York County, who made careful findings of fact and conclusions of law which have been marked in evidence and are before me.

As a result of his findings of fact, Mr. Justice Walsh held that the assignments and mortgage were not in fraud of creditors but were valid, and that the several

named defendants, Denton & Haskins Music Company, Inc., William R. Haskins, Isabella C. Haskins, Joseph J. Denton, and Joseph P. Fagman, were entitled to judgment dismissing the complaint on the merits, and ordered judgment entered accordingly, which was done on March 17, 1936. Appeal taken by Mr. Greenberg from this judgment was dismissed for lack of prosecution.

III. In his application to have the receiver in sequestration appointed, Mr. Greenberg was really providing for what I call a receivership ad litem, for his object was that the receiver, who might be appointed, should ultimately, in the process of rounding up the goods and chattels of the Denton & Haskins Music Company, Inc., bring the proceeding which I now have before me for alleged infringement of copyright. But before he was in a position to proceed with such a suit he felt he should secure from a court of competent jurisdiction a decision as to the ownership of the various copyrights involved directly or indirectly in this cause, and it was with this purpose that the suit, which was decided against him, was brought in the Supreme Court of New York County.

IV. I am perfectly satisfied that all that Mr. Justice Walsh dealt with in that suit was the question whether transfers or assignments had been made by the original owners of the copyright to others and, if so made, whether or not they were made in fraud of creditors, and who were the persons who held title to the copyrights at the time he made his decision. It seems to me perfectly clear that under the teachings of Becher v. Contoure Laboratories, Inc., 279 U.S. 388, 390, 49 S.Ct. 356, 357, 73 L.Ed. 752, he was acting within his jurisdictional competency in so deciding.

V. The only other question that remains, in order to determine whether the estoppel of this state court judgment is complete on the question of the ownership of the copyrights, is whether the proceeding in the state court included all of the parties to this cause involved in that question, or their privies.

I have no hesitation in holding that it did.

Mr. Greenberg had secured the appointment of a receiver as an instrument, through whom he hoped to collect the judgment which he had recovered for legal services, and the successor in title to Mr. Frank, the original receiver, is the plaintiff in this cause, Mr. Philip Dorf. Therefore, Mr. Greenberg, whose creation the first receiver was, must be regarded as in privity with the second receiver, who is now the plaintiff in this action and represents the Denton & Haskins Music Publishing Company, Inc., and its creditors.

We have an additional party defendant in this cause, Edward Fleming Printing Corporation, which admittedly printed some of the music involved in the infringement of copyright herein alleged; but there is not any question of ownership of any copyright by it involved.

The situation now presented here, therefore, is one in which the plaintiff has not succeeded in establishing any locus standi in himself to maintain this suit. It has not been shown that he is the owner of the copyright on which he seeks to found his action. In fact, the contrary has been conclusively shown, it seems to me, by the above-mentioned decision of Mr. Justice Walsh.

I also so find on the record before me.

The result is that this action must be dismissed as against all defendants on the ground that the plaintiff has no standing whatever to prosecute it.

VI. The above memorandum will constitute the findings of fact and conclusions of law in this cause, and an order to that effect must be included in the final decree dismissing the complaint.

That decree will carry the usual costs, and also attorneys' fees, which I allow in pursuance of section 40 of the Copyright Act (17 U.S.C.A. § 40).

As to the defendants Joseph J. Denton, William R. Haskins, Isabella C. Haskins, and Joseph P. Fagman, all of whom are represented by Murray Ehrlich, Esq., I will award them jointly counsel fees in the sum of $500, and to the defendant Edward Fleming Printing Corporation, represented by Joseph Rasch, Esq., I will allow counsel fees in the sum of $250. Pursuant to the provisions of section 40 of the Copyright Act (17 U.S.C.A. § 40), these counsel fees will be taxed as part of the costs which must be taxed before the final decree is entered.

After the costs are taxed, the final decree may be presented for settlement on three days' notice, and must be a single decree proposed jointly by the two counsel for the several defendants.