## DELLEFIELD v. BLOCKDEL REALTY CO., Inc., et al.

District Court, S. D. New York.
Dec. 28, 1939.

Isidor Lazarus, of New York City, for plaintiff.

Theodore B. Richter, of New York City, for defendants.

CONGER, District Judge.

I have carefully read the complaint herein. I am satisfied that the moving defendants should have relief. The complaint contains many things that are not necessary. It does not comply with Rules of Civil Procedure for District Courts, rule 8 (e) (1), 28 U.S.C.A. following section 723c. The pleading is not simple, concise, and direct, and while I am very chary in revising pleadings, it seems to me that this complaint herein should be revised.

Under the circumstances, the simplest ruling that I can make is to order the plaintiff to renumber and set forth each cause of action.

In the first place, I think the cause of action of Sadie Dellefield, individually, should be set out separate from her cause of action as administratrix of the goods, chattels, rights and credits which were of Albert S. Dellefield, deceased. Each is a separate cause of action. There is no question but that these causes of action can be set forth in the same complaint, but they should be set out in different counts.

There is also some indication that this may be a derivative or stockholder's action, but if that is so, it should be so set out and pleaded. I am unable to gather from the brief of the plaintiff's attorney whether or not this, or a part of it, is a derivative action, but it appears from the complaint, in Count IV, that it may be a derivative or shareholder's action. He does state in his brief: "As was pointed out upon the argument our fourth cause of action, or Count IV, is not primarily a derivative or secondary action, although Par. 17 of the complaint might be consistent therewith. * * * If at the trial it should be found that our evidence fully supports also a derivative or secondary action by a stockholder, then under Federal Civil Procedure Rule 15(b), it will be quite proper at the trial to amend Count IV to conform to such evidence."

The proper and more orderly way would be to allege it now in the complaint.

In as much as my decision contemplates an amended complaint, I would suggest that the complaint be simplified to comply with the Rules. The complaint

contains much evidentiary and unnecessary matter. I do not desire to point out the particular matter that does not belong in the complaint, but I might suggest as an example, Paragraph 8B, which contains much that is unnecessary.

The defendants' motion is granted as indicated. Settle order on notice.