## CAVICCHI v. MOHAWK MFG. CO., Inc.

District Court, S. D. New York.

June 24, 1940.

Mann & Burrows, of New York City (William D. Burrows, of New York City, of counsel), for plaintiff.

Dyke & Schaines, of New York City, (W. R. Liberman, of New York City, of counsel), for defendant.

GODDARD, District Judge.

Defendant has moved pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for a summary judgment in its favor. There is no dispute as to the facts upon which the motion is made. The questions are—whether or not an arbitration award between the parties to this suit is res adjudicata or is an estoppel, which bars this suit by the plaintiff.

The action is brought for a declaratory judgment to the effect that plaintiff's product, manufactured under United States Patent No. 2,022,458, does not infringe any of the claims of defendant's United States Letters Patent No. 1,627,723, or No. 1,695,482. From affidavits submitted on the motion, it appears that originally plaintiff and defendant were associated in business. On December 31, 1936 they entered into an agreement by the terms of which plaintiff admitted that defendant owned patents No. 1,627,723 and No. 1,695,482, conceded the validity of the patents and agreed not to infringe them. In addition it was also provided that all controversies arising from the agreement should be submitted to arbitration. There was a controversy following the agreement and on November 20, 1937 plaintiff wrote defendant and demanded that the matter be arbitrated in accordance with the terms of the agreement. Defendant complied with the demand and, upon the submission to arbitration, the controversy was stated by the parties as follows:

"The undersigned, parties to an agreement dated December 31st, 1936, which

contains provision for disputes between us to be submitted to arbitration under the Rules of the American Arbitration Association, hereby submit to Fred S. Tipson, arbitrator, the following controversy:

"Statement of Ernest Cavicchi.

"The Mohawk Manufacturing Co. claim that Hook buttons sold by Ernest Cavicchi infringe certain patents held by the Mohawk Manufacturing Co.

"Ernest Cavicchi denies the above claim and places the amount of the claim of $30.00.

"Statement of Mohawk Manufacturing Co.

"The Mohawk Manufacturing Co. agrees to the first paragraph of the above statement, that its claim that Ernest Cavicchi infringed certain patents held by Mohawk Manufacturing Co., and it further alleges that Ernest Cavicchi has no right to attempt to limit or fix the amount of damages to which it is entitled. The question of whether Ernest Cavicchi has infringed its patents and the amount of damages to which it is entitled is one to be submitted to the Arbitrator. It insists that no limit be placed upon the amount the arbitrator may determine is due, if the matter is decided in its favor.

"Dated: New York, N. Y. March 1st 1938.

"Ernest Cavicchi, doing business as the Wade Button Co.

"By Ernest Cavicchi. (Signed)

"Mohawk Manufacturing Co., Inc.

"By Harry Rosenman. (Signed)"

The matters submitted for arbitration are not set forth with precision, but it is not disputed that the patents referred to are those set forth in the petition for declaratory judgment.

After hearings before the arbitrator, he ruled that plaintiff's product infringed defendant's patents and awarded defendant damages in the amount of $500. Plaintiff, however, refused to comply with the award and defendant thereupon made a motion in the Supreme Court, New York County, to confirm it. The court held for defendant and on May 17, 1938 an order was entered in which the award of the arbitrator was in all respects confirmed; defendant was given a money judgment on account of the infringement and the counter motion to vacate the award was denied.

Plaintiff appealed from this order to the Appellate Division of the Supreme Court, First Department, on the ground that the New York Arbitration Act (Article 84, § 1448 et seq., of the Civil Practice Act of New York) as applied by the court below, was unconstitutional in that it offended Article 1, Section 8 of the Constitution, and Section 256 of the Judicial Code, 28 U.S.C.A. § 371. The Appellate Division, however, affirmed the order without opinion. See 256 App.Div. 1069, 12 N.Y.S.2d 360. Plaintiff thereupon appealed to the Court of Appeals and the judgment was again affirmed without opinion. A motion was then made for reargument and to amend the remittitur. In a per curiam opinion, the motion for reargument was denied and the remittitur amended. See 281 N.Y. 629, 22 N.E.2d 179; 281 N.Y. 669, 22 N.E.2d 763. An appeal was taken to the Supreme Court of the United States and on December 11, 1939 that court, in a per curiam opinion, 308 U.S. 522, 60 S.Ct. 294, 84 L.Ed. 442, dismissed the appeal for want of a substantial Federal question. A petition for reargument was denied on January 8, 1940, 308 U.S. 639, 60 S.Ct. 382, 84 L.Ed. 531.

In opposition to this motion, plaintiff argues that the award made in the arbitration proceeding and subsequently confirmed is not res adjudicata of the issues here. It is pointed out that under section 256 of the Judicial Code, the State courts are not courts of competent jurisdiction with respect to cases arising under the patent right and thus one of the elements essential to res adjudicata is missing. In addition, it is urged that the proceedings to confirm the award and the subsequent appeals clearly show that the award was confirmed as a contract.

I agree with the plaintiff that res adjudicata is not a good defense to this suit. To sustain a plea of res adjudicata in a suit to determine whether or not an infringement of letters patent exists, it would have to appear that there had been an adjudication by a court of competent jurisdiction upon the question of infringement. Here, however, the judgment of the State court was not a judgment in a patent case. The State court could not pass directly upon the alleged infringement of the patents and apparently went no further than to decide the respective rights of the parties under the contract of December 31, 1936, for under section 256 of the Judicial Code, 28 U.S.C.A. § 371, exclusive jurisdiction in patent cases is vested in the Federal courts.

However, despite the fact that the arbitration award cannot be regarded as res adjudicata, I think that the motion must be granted.

The result in the State court may be explained upon either of two grounds. First, the proceeding may be taken as the enforcement by the State court of the contract between the parties. This is consistent with the opinion in Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 44 S.Ct. 274, 68 L.Ed. 582, with respect to the nature of statutory arbitration proceedings. Thus viewed, the proceedings in the State courts amount to no more than a suit to enforce a contract not to infringe a patent in which suit the findings of the arbitrator had the status of a stipulation that there was an infringement. Respro, Inc. v. Worcester Backing Co., 291 Mass. 467, 197 N.E. 198. Under that theory it is clear that the State court did not pass upon the fact of whether or not there has been an infringement, so that the doctrine of res adjudicata does not apply.

Secondly, if in the contract action the State court passed upon the issue of infringement as a question collateral to the suit upon the contract, it had authority to do so. Certainly a contrary holding would take from the State courts many cases over which they properly have jurisdiction but which may involve collateral questions arising under the patent laws. Pratt v. Paris Gaslight & Coke Co., 168 U.S. 255, 259, 18 S.Ct. 62, 42 L.Ed. 458; Becher v. Contoure Laboratories, 279 U.S. 388, 49 S.Ct. 356, 73 L.Ed. 752; Respro, Inc. v. Worcester Backing Co., supra.

Under either of the two grounds mentioned the elements of an estoppel are present. See Eskimo Pie Corporation v. National Ice Cream Co., D.C., 20 F.2d 1003, affirmed 6 Cir., 26 F.2d 901. Plaintiff urged the arbitration and defendant acquiesced. To allow now the assertion of a claim inconsistent with the arbitration award would be to the prejudice of defendant and in effect would nullify the arbitration. Under the first theory, the estoppel arises from the agreement between the parties to arbitrate and the finding of the arbitrator that there was an infringement and it is an estoppel by contract.

In the Becher case, supra, the issue decided by the State court was broader than that in the case at bar and involved a collateral determination affecting the validity of a patent. The Supreme Court held that the judgment in the State court estopped the plaintiff in Federal court from again asserting a material fact contrary to that upon which the State court judgment was based. The same type of estoppel by judgment arises under the second theory in the present case.

It is unimportant whether or not the estoppel is labeled as an estoppel by contract, or an estoppel by judgment. In either event, plaintiff is barred.

Settle order on notice.