**ZENITH RADIO CORPORATION v. RADIO CORPORATION OF AMERICA et al.**

Civ. A. 982.

District Court, D. Delaware.

July 21, 1948.

---

Arthur G. Connolly, of Wilmington, Del., Floyd H. Crews, of New York City, and Irving Herriott, of Chicago, Ill., for plaintiff.

Caleb S. Layton (of Richards, Layton & Finger), of Wilmington, Del., Stephen H. Philbin (of Fish, Richardson & Neave), John T. Cahill and William H. Davis, all of New York City, for defendants.

LEAHY, District Judge.

Before discussing the legal phase, I shall resolve the inferences to be drawn from the facts. I think Zenith has drawn the correct inferences from the facts and that the facts do not support RCA's inferences. Clearly from the record, Zenith has never charged RCA with infringement of any Zenith patent except those under which RCA in 1933 took a fully paid license for the life of the patents and the release which RCA required of Zenith included a release to all of its subsidiaries. Moreover the mere fact that Zenith has marked its patents is not to be construed as an in terrorem threat to the industry or against any of RCA's circuits. R.S. § 4900, 35 U.S.C.A. § 49, makes it a "duty" of all patentees to mark their patents. True, under Hazeltine Corp. v. Radio Corporation of America, 20 F.Supp. 663, no recovery may be had for infringement

594

of any patent not marked; this is the only penalty for failing to mark the articles patented. Nevertheless, I do not think that the inference can be drawn, as RCA contends, that the only reason an article is marked "patented" is to enable the patentee to make a charge of infringement. It is still a statutory duty to mark the article, so that it is not correct to say that the marking necessarily constitutes a charge of infringement against anyone.

In the view I take of the inferences and the facts, it is clear that there is no justiciable controversy. The cases relied on by RCA, such as, Ætna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Lances v. Letz, 2 Cir., 115 F.2d 916; Treemond v. Schering Corp., 3 Cir., 122 F.2d 702; Dewey & Almy Chemical Co. v. American Anode, Inc., 3 Cir., 137 F.2d 68; and Girdler Corp. v. DuPont, D.C.Del., 56 F.Supp. 871, affirmed 3 Cir., 152 F.2d 757, are good law but RCA has failed to bring itself within the prerequisites of these cases. For example, it has failed to meet the requirement of these cases that there must be allegations or facts that the claiming manufacturer is in jeopardy by reason of the patent, extensive threats of litigation, allegations or facts of interference with customers, or statements demanding that a certain company take a license. In short, RCA has failed to show any adequate substitute for the requirements which have usually been considered essential to establish a justiciable controversy.

The cases which RCA cites, in support of its claim that the controversy may exist even though its production threatened by the patent is only prospective at the time the action is commenced, are inapplicable because there is not even a threat of prospective infringement action here. There is no showing here that threatened action has been made at any time except the discussions that occurred in 1933; the fact of fourteen years of silence and inaction itself reenforces the view of a lack of a justiciable controversy.

Accordingly the motion to dismiss the third counterclaim should be granted.