SCOVILL MANUFACTURING COMPANY, Plaintiff,

v.

Murray DULBERG, Defendant.

Civ. A. 98-103.

United States District Court
S. D. New York.

Aug. 11, 1955.

Emery, Whittemore, Sandoe & Dix, New York City, for plaintiff.

Murray Dulberg, New York City, pro se.

BONDY, Chief Judge.

This is a motion by the plaintiff to dismiss the defendant's second and third

counterclaim for failure to state a claim upon which relief can be granted.

██ The second counterclaim does not present any justiciable controversy. An action brought merely to declare a patent void does not present any controversy between the defendant and the plaintiff. Zenith Radio Corp. v. Radio Corp. of America, D.C., 78 F.Supp. 591, 594. Meinecke v. Eagle Druggists Supply Co., D.C., 19 F.Supp. 523, cf. Dewey & Almy Chemical Co. v. American Anode, 3 Cir., 137 F.2d 68, certiorari denied 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed. 454. The defendant does not allege that he is harmed by reason of plaintiff's patent which would be ground for a declaratory judgment, Wells v. Universal Pictures Co., 2 Cir., 166 F.2d 690; Zenith Radio Corp. v. Radio Corp. of America, supra. Nor does the counterclaim state sufficient facts to establish interference under 35 U.S.C.A. § 291. Engler v. General Electric Co., 2 Cir., 144 F.2d 191; Glade v. Walgreen Co., 7 Cir., 122 F.2d 306. In any event the counterclaim is not a "short and plain statement of the claim showing that the pleader is entitled to relief". Federal Rules of Civil Procedure, rule 8(a) (2), 28 U.S.C.A. In the counterclaim there are so many facts alleged that are unrelated to any specific claim that it is not possible to understand on which of them the defendant relies in making his claim. See Baird v. Dassau, D.C.S.D.N.Y., 1 F.R.D. 275; Dellefield v. Blockdel Realty Co., D.C., 1 F.R.D. 42. The motion to dismiss the second counterclaim accordingly is granted with leave to amend.

██ The motion to dismiss the third counterclaim is denied. In it the defendant alleges that the plaintiff, during the pendency of defendant's patent application, by his unfair acts profited and damaged the defendant on the pretext of helping the defendant in business. These allegations are sufficient to bring the counterclaim within the theory of unjust enrichment in cases in which the damages claimed have arisen prior to the award of the patent. Becher v. Con-

toure Laboratories, 279 U.S. 388, 49 S. Ct. 356, 73 L.Ed. 752; Hoeltke v. C. M. Kemp Mfg. Co., 4 Cir., 80 F.2d 912; Booth v. Stutz Motor Car Co., 7 Cir., 56 F.2d 962.