**THERMAL EQUIPMENT CORPORATION and Farley Manufacturing Company, Plaintiffs,**

v.

**John M. LEACH and Econ-O-Veyor Corporation, Defendants.**

Civ. 19751.

United States District Court
E. D. New York.
July 15, 1960.

Burgess, Ryan & Hicks, New York City, for plaintiffs. Olson, Mecklenburger, Von Holst, Pendleton & Neuman, Chicago, Ill., of counsel, by T. W. Anderson, Jr., Chicago, Ill.

Albert M. Parker, New York City, for defendants.

BARTELS, District Judge.

Two patents are involved in this action; one is Patent No. 2,678,276 issued to Richard M. North (hereinafter referred to as "the North Patent") and owned by plaintiff Thermal Equipment Corporation (hereinafter referred to as "Thermal") and the other is Patent No. 2,651,573 issued to John M. Leach (hereinafter referred to as "the Leach Patent"), both patents dealing with the process for making confection.

Defendant Leach having written a letter to plaintiff Farley Manufacturing Company (hereinafter referred to as "Farley") charging that the manufacture of certain confections by Farley was an infringement of the Leach Patent and stating that plaintiffs and other licensees under the North Patent should be licensed under the Leach Patent, plaintiffs commenced the instant litigation for a judgment declaring the Leach Patent invalid and not infringed by Farley, a licensee under the North Patent. In his answer Leach alleges, among other things, that he was prevented from granting licenses to the licensees under the North Patent by Thermal, which informed said licensees that the Leach Patent was invalid and that they should continue as licensees under the North Patent. In the first counterclaim Leach seeks a judgment declaring the North Patent invalid for various reasons and an injunction against interference by Ther-

mal with his efforts to issue licenses to the North licensees. In the second counterclaim both defendants seek injunctive relief and damages for infringement of the Leach Patent.

 Plaintiffs move pursuant to Rule 12(b) (6), Fed.Rules Civ.Proc., 28 U.S. C.A., for an order dismissing the first counterclaim on the ground that it fails to state a claim upon which relief may be granted in that it does not allege the existence of any controversy between the parties and therefore the Court has no jurisdiction thereof. In opposition Leach refers to statements in the deposition before trial of Preston Farley, taken on behalf of defendants, to demonstrate the existence of a controversy. On this motion the Court cannot look beyond the pleadings to ascertain the basis for the claim. See, Louisiana Farmers' Protective Union, Inc. v. Great Atlantic & Pacific Tea Co. of America, Inc., 8 Cir., 1942, 131 F.2d 419. In any event, the statements would not demonstrate the existence of a controversy.

 To state a counterclaim under the Declaratory Judgments Act (28 U.S. C.A. §§ 2201 and 2202) it is incumbent upon the defendant to set forth "an *actual controversy*", 28 U.S.C.A. § 2201 (emphasis added). The essence of the counterclaim is a charge that Thermal has prevented Leach from granting licenses under the Leach Patent. This involves the scope and validity of the Leach Patent but does not involve the validity of the North Patent. Leach avers that his patent is dominant but such averment does not *per se* challenge the validity of the North Patent. (See, New Jersey Zinc Co. v. Singmaster, 2 Cir., 1934, 71 F.2d 277, 279.) Leach alleges no harm that may be traced to the validity of the North Patent. "An action brought merely to declare a patent void does not present any controversy between the defendant and the plaintiff." Scovill Manufacturing Company v. Dulberg, D.C.N.Y.1955, 138 F.Supp. 617, 618. Without a dispute an action to determine the ownership of an invention is not within the purview of the Act.

Here the validity of the patent is questioned only by inference and this is not sufficient. (Meinecke v. Eagle Druggists Supply Co., D.C.N.Y.1937, 19 F.Supp. 523.)

Defendant's counterclaim for declaratory judgment dismissed. Settle order on two days' notice.