MILPRINT, INC., Plaintiff,

v.

CURWOOD, INC., Defendant.

CURWOOD, INC., Plaintiff,

v.

MILPRINT, INC., Defendant.

Civ. A. Nos. 76–C–201, 76–C–231.

United States District Court,
E. D. Wisconsin.

Nov. 30, 1976.

John L. Beard, Milwaukee, Wis., for plaintiff, Milprint Inc.; Dennis M. McWilliams, Chicago, Ill., of counsel.

Donald G. Casser, Milwaukee, Wis., for defendant Curwood, Inc.

### DECISION AND ORDER

REYNOLDS, Chief Judge.

There are two actions involved herein, and both involve the same parties and issues. Each action has a motion pending, and the two are consolidated for purposes of this decision.

In *Milprint v. Curwood*, C.A. No. 76–C–201, the plaintiff seeks a declaration of its rights with respect to a reissue patent and its predecessor patent and various licensing agreements between the plaintiff and the defendant Curwood. Jurisdiction is alleged under 35 U.S.C. and 28 U.S.C. §§ 1338(a), 2201, and 2202. The matter before the Court is defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

In *Curwood v. Milprint*, C.A. No. 76–C–231, originally filed in the Circuit Court for Milwaukee County, Wisconsin, prior to the filing of *Milprint v. Curwood* in this district, and subsequently removed to federal court, the plaintiff Curwood seeks payment of

royalties under a patent licensing agreement. The matter presently before the Court is plaintiff Curwood's motion to remand the action to state court pursuant to 28 U.S.C. § 1447(c).

For the reasons which follow, both the defendant Curwood's motion to dismiss the first action and the plaintiff Curwood's motion to remand the second action will be granted.

First, it will be helpful to outline the litigation history of the controversy between Curwood and Milprint. (1) On March 1, 1976, Curwood filed a complaint against Milprint in the Circuit Court, Milwaukee County, State of Wisconsin, seeking the payment of royalties under the license agreement. (2) On March 22, 1976, Milprint filed a declaratory judgment action against Curwood in this court, seeking a declaration of the invalidity of Curwood's reissue patent No. 28,554 ('554 reissue patent) and its predecessor patent No. 3,445,324 ('324 patent). (3) On April 1, 1976, Milprint filed a petition for removal to this court of the state court case, *Curwood v. Milprint.* (4) On April 5, 1976, Curwood filed a motion to dismiss the declaratory judgment action. (5) On April 12, 1976, Curwood filed its motion to remand the case removed to this court by Milprint.

The Court will deal first with the jurisdictional challenge raised in the *Milprint v. Curwood* declaratory action. The following facts appear from the complaint. The defendant Curwood is the owner of the '324 patent and the '554 reissue patent relating to propylene-saran coated cellophane laminates. On April 1, 1971, the parties entered into a license agreement which granted Milprint a nonexclusive royalty bearing license under the '324 patent and any reissues thereof. On April 7, 1971, the parties entered into a second agreement under which Milprint reserved the right to contest the validity of patent '324, including Milprint's contention that it had early work which was believed to antedate Curwood's development of the '324 patent. By notice dated July 26, 1973, and a second notice dated August 3, 1973, Milprint notified Curwood that it would no longer pay royalties to Curwood because of the failure to resolve the controversy existing between the parties as to Curwood's performance under the second agreement. In Count I of its complaint, Milprint asserts that the royalties are not payable to defendant because the '554 reissue patent and its predecessor, the '324 patent, are invalid. In Count II of the complaint, plaintiff alleges a breach of contract by Curwood and requests a return of past royalty payments.

The defendant Curwood contends that this court is without jurisdiction over the subject matter of this suit because (1) Title 35 confers no jurisdiction on United States district courts (which Milprint does not now contest); (2) there is no diversity jurisdiction under 28 U.S.C. § 1332 because both parties are Delaware corporations with principal places of business in Wisconsin (which Milprint does not now contest); (3) sections 2201 and 2202 of 28 U.S.C. do not confer jurisdiction but rather operate procedurally to create a remedy in a case of actual controversy otherwise within the jurisdiction of the federal court system; and (4) 28 U.S.C. § 1338(a) does not provide a jurisdictional base for an action by a patent licensee seeking to have the licensed patents declared invalid against the patent owner and licensor. Plaintiff Milprint has not contested the validity of defendant's first two assertions, and correctly so, and it is the jurisdictional base alleged under 28 U.S.C. § 1338(a) and the requirement of a justiciable controversy under 28 U.S.C. §§ 2201 and 2202 which provide the jurisdictional controversy herein.

Section 1338(a), U.S.C., states in pertinent part:

> "(a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents * * *. Such jurisdiction shall be exclusive of the courts of the states in patent * * * cases."

■ To support its position that this case does not arise under the patent laws, the defendant places principal reliance on *Thiokol Chemical Corporation v. Burlington*

*Industries, Inc.,* 448 F.2d 1328 (3rd Cir. 1971). There the patent licensee sought a declaratory judgment of the invalidity and noninfringement of the licensed patents. The third circuit affirmed two district court decisions involving the same parties and patents. In the first district court action, *Thiokol I,* reported at 313 F.Supp. 253 (D.Del.1970), the district court granted the defendant's motion for dismissal for want of subject matter jurisdiction. In a subsequent action, *Thiokol II,* reported at 319 F.Supp. 218 (D.C.Del.1970), the Court found that it had jurisdiction. The district court in *Thiokol II* found the termination of the licensing agreement subsequent to the first action and prior to the second action to be a "determinative jurisdictional factor," reasoning that:

"* * * (S)ince the licensing agreement between the plaintiff and defendant Burlington was still in effect at the time the suit was filed it was theoretically and practically impossible for the defendant to have 'charged' the plaintiff with infringement. * * *" 319 F.Supp. at 220.

The Court then quoted from its earlier decision:

"The charge of infringement creates a justiciable controversy between the parties and the declaratory remedy permits a plaintiff to have an adjudication of the patent's validity and scope without waiting for suit by the patentee.

"Defendants state that they have made no charge of infringement of the licensed patents; indeed, they could not. * * * The purpose of a license agreement is to insulate those who pay for the use of patented processes or products from infringement charges and the burden of litigation. There are three situations only when a licensee could be charged with infringement: (a) the allegedly infringing devices are not covered by the license; (b) the license has expired; or (c) plaintiff has repudiated the license * *. None of those conditions is present in the instant case. The notice given in December, 1969, caused the agreement to terminate in March, 1970, but that fact cannot

confer jurisdiction retroactively on this Court * * *. (citations omitted)" 319 F.Supp. 220.

The defendant Curwood argues from this that because Milprint has not repudiated its licensing agreement with Curwood, the action is not one which arises under an act of Congress relating to patents pursuant to 28 U.S.C. § 1338(a). Actually, to be more precise, what Curwood is asserting is that the jurisdictional requirement of an actual controversy in a declaratory action is lacking here and not that plaintiff's claim does not arise under the patent laws. It manifestly does meet the requirement of § 1338(a), and *Thiokol,* supra, addresses the question of whether the existence of a license agreement operates to bar an action for declaratory relief as to the alleged invalidity of the patents underlying the licensing agreement. This Court does not subscribe to the *Thiokol* analysis, but rather subscribes to the approach taken in *Medtronic, Inc. v. American Optical Corporation,* D.C., 327 F.Supp. 1327 (1971). That Court held that the mere existence of a license agreement did not prevent the creation of a justiciable controversy between licensee and licensor and found authority for its holding in *Lear, Inc. v. Adkins,* 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969), and *Beckman Instruments, Inc. v. Technical Development Corp.,* 433 F.2d 55 (7th Cir. 1970);

"* * * In *Lear* the Supreme Court abolished the doctrine of licensee estoppel and enunciated the strong public policy that patent validity should be open to challenge by licensees. In *Beckman* a sub-licensee brought a declaratory judgment action challenging the validity of the patent while the license agreement was in effect, and also alleging the illegality of that agreement. * * * Two points are noteworthy about the Seventh Circuit's ruling; it did not require Beckman to terminate the license before bringing its action and it interpreted *Lear* as enunciating a policy of removing legal and economic barriers to patent challenges by licensees. * * *

"A different interpretation of the Supreme Court's holding was taken in

*Thiokol Chemical Corp.* \* \* \*." 327 F.Supp. at 1331.

Nevertheless, this Court's adherence to the approach taken in *Medtronic, Inc.,* supra, rather than that taken in *Thiokol,* supra, does not dispose of the matter. Neither of those actions involved the factor of an earlier instituted state court proceeding which, as I shall now discuss, has been improperly removed to federal court. The Court will resume discussion of the declaratory judgment action after discussion of plaintiff Curwood's motion to remand C.A. No. 76–C–231.

■ This Court notes that the second action herein, *Curwood v. Milprint,* seeks to collect royalty payments allegedly due under a licensing agreement and that action sounds in contract. In *Mercury Record Pro., Inc. v. Economic Consultants, Inc.,* 360 F.Supp. 129 (E.D.Wis.1973), this Court was faced with a similar situation. There, plaintiffs had alleged violation of state unfair competition laws, and the defendants contended that the result of the case was dependent upon relevant copyright laws which were solely within the province of the federal government. This Court found the distinction between the federal copyright action and the state appropriation action a subtle, but valid, distinction, and thus found that the complaint in that action raised no question of federal copyright law. The instant case is much clearer: the complaint seeks only the contractual recovery of royalty payments. The presence of a federal question is not contained in the complaint here, and the fact that a defense to the action may raise a federal question is immaterial. *Brough v. United Steel Workers of America,* 437 F.2d 748 (1st Cir. 1971). Furthermore, there is no question that contract actions based on patent license agreements and involving defenses of patent non-infringement or invalidity may be brought and maintained in state court. *Lear v. Adkins,* 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969), and *Product Engineering and Manufacturing, Inc. v. Barnes,* 424 F.2d 42 (10th Cir. 1970). Thus, the Court

will order remand of *Curwood v. Milprint,* C.A. No. 76–C–231 to the state court.

The Court must now readdress itself to the viability of the declaratory action brought by Milprint in light of the proceedings now remanded to state court, and determine whether in its discretion it should permit the declaratory action to proceed here. In its resolution of this question, the Court is aided by a Tenth Circuit decision, *Product Engineering and Manufacturing, Inc. v. Barnes,* supra. There, on strikingly similar facts, the Tenth Circuit upheld the district court's discretionary dismissal of the declaratory action and noted at pages 43–44:

"A review of the pleadings filed in both the state and federal courts convinces us that the matters asserted by Product Engineering in the federal declaratory judgment action are no more than what would be a defense to the State court contract action. The trial court reached the same conclusion. Contract actions based on patent license agreements may be brought and maintained in a State court. *Becher v. Contoure Laboratories,* 279 U.S. 388, 49 S.Ct. 356, 73 L.Ed. 752. The rule adopted by the *United States Supreme Court in Public Service Comm'n v. Wycoff Co.,* 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291, although laid down in a public law case, is dispositive of this case. The Court there referred to the Declaratory Judgment Act which created the remedy and stated that pursuant to it a court 'may declare the rights' of the parties and thus no absolute right was given to the litigant but instead discretion was vested in the courts. We quote at some length from Wycoff as follows for the reason that the Court there specifically considered the attempted assertion of a defense by a declaratory judgment action:

" '\* \* \* Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court. If the

cause of action, which the declaratory defendant threatens to assert, does not itself involve a claim under federal law, it is doubtful if a federal court may entertain an action for a declaratory judgment establishing a defense to that claim. This is dubious even though the declaratory complaint sets forth a claim of federal right, if that right is in reality in the nature of a defense to a threatened cause of action. Federal courts will not seize litigations from state courts merely because one, normally a defendant, goes to federal court to begin his federal-law defense before the state court begins the case under state law.'

From Wycoff it is also apparent that discretion must be exercised by the trial court with a view to the complete solution of the differences between the litigants. *Invengineering, Inc. v. Foregger Co.*, 293 F.2d 201 (3d Cir.).

"After *Lear, Inc. v. Adkins*, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610, there would seem to be no doubt about the right of a licensee to raise the issue of the validity and noninfringement of a patent as a defense in a State action to enforce payment of royalties. The cited case did not depend upon whether or not the royalty agreement was still in effect as appellant urges. See also *Bendix Corp. v. Balax, Inc.*, 421 F.2d 809 (7th Cir.)."

Because in the instant case the plaintiff Milprint also asserts as a cause of action essentially what will form its defense in the state court action, and the state court action preceded this action seeking declaratory relief, the Court will in its discretion under the declaratory judgment act dismiss the suit of *Milprint v. Curwood*, C.A. No. 76–C–201.

IT IS THEREFORE ORDERED that the defendant Curwood's motion to dismiss C.A. No. 76–C–201 be and it hereby is granted.

IT IS FURTHER ORDERED that the plaintiff Curwood's motion to remand C.A. No. 76–C–231 to the Circuit Court of Milwaukee County, Wisconsin, be and it hereby is granted.