**SUPER STAR SNEAKERS & SPORTS, INC., Plaintiff,**

v.

**BATA SHOE COMPANY, INC., Defendant.**

No. 78 C 1535.

United States District Court, E. D. New York.

Feb. 17, 1981.

Bader & Bader, White Plains, N.Y., for plaintiff by I. Walton Bader, White Plains, N.Y.

Seligman & Seligman, New York City, for defendant by Floyd S. Weil, New York City.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff ("Super Star") has sued defendant ("Bata") to recover treble damages pursuant to 15 U.S.C. § 15 for alleged violations of § 2(a) of the Robinson-Patman Act, 15 U.S.C. § 13(a). Super Star claims that after ordering and agreeing to pay $3,363.99 for sneakers sold by Bata, it discovered that Bata was selling identical goods to at least one other customer at much lower prices. Super Star never paid for the sneakers and a default judgment in State court was entered in Bata's favor in a suit on the contract. The action is now before the court on Bata's motion for a summary judgment of dismissal on the ground that the prior State court litigation between the parties bars Super Star's Robinson-Patman claim as *res judicata*. For the reasons which follow the motion must be denied.

The circumstances which Bata asserts justify application of *res judicata* principles are these. In 1975 Bata sued in New York City Civil Court to recover the purchase price of the sneakers. Following a notation of default and after counsel for Super Star filed a notice of appearance and obtained extensions of time to answer, Bata procured a default judgment in April 1977 when Su-

per Star still failed to answer. Thereafter, in July 1978, Super Star unsuccessfully moved to vacate the judgment of default.

Besides asserting that its default was excusable Super Star claimed it had meritorious defenses grounded in the New York antitrust statute and in the Robinson-Patman Act.[1] Its answer also asserted these grounds as counterclaims. Civil Court Judge Wilk observed that "[c]ourts are usually reluctant to deny a party its day in court when it alleges a meritorious defense," but concluded that Super Star's default was inexcusable and denied the motion to vacate. In affirming the order the Appellate Division, First Department, stated in the opening sentence of its opinion that the order appealed from was affirmed "for the reasons given by Judge Wilk." The court's opinion closed with the statement that "[i]n the absence of a clear demonstration of excusable default and a meritorious defense, which has not been demonstrated, the court's exercise of discretion was proper in denying defendant's motion. . . ."

The prior State proceedings, however, afforded no basis for concluding that *res judicata* is a bar to Super Star's Robinson-Patman claim. Initially, it is clear that the default judgment itself has no *res judicata* effect upon that claim. Of course it is true that "where the court has the requisite jurisdiction, a default judgment 'is just as conclusive an adjudication between the parties of whatever is essential to support a judgment as when rendered after answer and complete contest in the open courtroom,'" 1B Moore's Federal Practice, ¶ 0.409[4] at 1025 (2d ed. 1980) (citation omitted), including defenses that might have been asserted in the action by the party against whom the default judgment is raised, see *Morris v. Jones*, 329 U.S. 545, 550–51, 67 S.Ct. 451, 455–456, 91 L.Ed. 488 (1947); *United States v. Martin*, 395 F.Supp. 954 (S.D.N.Y.1975).

1. Under New York law, to vacate a default judgment a party must show that the default was "excusable," N.Y.Civ.Prac.Law, Rule 5015(a) (McKinney's), and that it has a merito- rious claim or defense. See 5 J. Weinstein, H. Korn & A. Miller, New York Civil Practice, ‘ 5015.04 at 50–222–24 (1977).

Even assuming that the facts underlying the Robinson-Patman claim could have been interposed as a defense and counterclaim in the State contract action (*but see* n.2, *infra*), the default judgment in plaintiff's favor at most presents grounds for an assertion of collateral estoppel, not preclusion of the claim through bar or merger. The lawsuits obviously involve different causes of action (goods sold and delivered and price-discrimination), the State court lacked jurisdiction to entertain the price-discrimination claim,[2] and New York's counterclaim rule is non-compulsory.[3] *See United States v. Eastport Steamship Corp.*, 255 F.2d 795, 800–02 (2d Cir. 1958); *Chapin & Chapin, Inc. v. McShane Contracting Co.*, 374 F.Supp. 1191, 1194–98 (W.D.Pa.1974); Restatement of Judgments, § 58, Comments a, b, c, e at 230–35 (1942). *See also Herendeen v. Champion International Corp.*, 525 F.2d 130, 133–35 (2d Cir. 1975).

■ Furthermore, there is no basis in the default judgment for concluding that Super Star is in any way collaterally estopped from litigating the fact issues underlying its claim for relief in federal court. Collateral estoppel bars a party from relitigating only matters which were "actually and necessarily determined by a court of competent jurisdiction," *Montana v. United States*, 440

U.S. 147, 155, 99 S.Ct. 970, 974, 59 L.Ed.2d 756 (1979), citing *Parklane Hosiery v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649 n.5, 58 L.Ed.2d 552 (1979); *see, e. g.*, 1B Moore's Federal Practice, *supra*, ¶¶ 0.441[1], [2]; 0.405[1] at 622–23 (quoting *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1955)). Because no issues are actually litigated in a proceeding that results in a default judgment, this court agrees with the "better view" that a default judgment has no collateral estoppel effect, see 1B Moore's Federal Practice, *supra*, ¶ 0.444[2]; *Tutt v. Doby*, 459 F.2d 1195, 1199–1200 (D.C. Cir. 1972).

Bata nonetheless urges that the Robinson-Patman claim was "actually and necessarily determined" adversely to Super Star since Super Star raised the matter as a defense in its proposed answer when it unsuccessfully moved to vacate the default judgment. The argument, however, overstrains the language of the State court decisions quoted above. Those decisions did not consider whether a § 2(a) Robinson-Patman claim could provide a meritorious defense but only that Super Star's default was not excusable—the only determination necessary to denying Super Star's motion to vacate its default.[4] The argument that fact

---

**2.** Numerous decisions have held that actions for relief under the antitrust laws are within the exclusive jurisdiction of the federal courts. *E.g., General Investment Co. v. Lake Shore & Michigan Southern Railway Co.*, 260 U.S. 261, 287, 43 S.Ct. 106, 117, 67 L.Ed. 244 (1922); *Mach-Tronics, Inc. v. Zirpoli*, 316 F.2d 820 (9th Cir. 1963); *Banana Distributors, Inc. v. United Fruit Co.*, 269 F.2d 790, 793 (2d Cir. 1959); *Albert Levine Associates v. Bertoni and Cotti*, 314 F.Supp. 169, 170 (S.D.N.Y.1975).

Furthermore, although an allegation of illegality under the antitrust laws may be interposed as a defense to a contract action in the "narrowly circumscribed" circumstances, *El Salto, S.A. v. PSG Co.*, 444 F.2d 477, 482 (9th Cir. 1971), where "enforcement of [the contract] would ... make the courts a party to 'the carrying out of the very restraints forbidden by' or 'the precise conduct made unlawful by' " the antitrust laws, *Viacom International, Inc. v. Tandem Productions, Inc.*, 526 F.2d 593, 598 (2d Cir. 1975), quoting *Kelly v. Kosuga*, 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475, 520 (1959), there is nothing in the record at this

time to indicate that Bata's State contract claim and suit are outside the holding of *Bruce's Juices, Inc. v. American Can Co.*, 330 U.S. 743, 67 S.Ct. 1015, 91 L.Ed. 1219 (1947), that § 2(a) of the Robinson-Patman Act provides only grounds for affirmative relief but no defense to a contract action. *See also El Salto, S.A. v. PSG Co., supra*, 444 F.2d at 480–83 (§ 2(c) of Robinson-Patman Act).

**3.** New York Civ.Prac.Law § 3019 (McKinney's) governing counterclaims does not embody a provision like that of Rule 13(a), F.R.Civ.P., making certain counterclaims compulsory and therefore subject to bar if they are not raised, *see, e. g., Harris v. Steinem*, 571 F.2d 119, 122 & n.5 (2d Cir. 1978). See 3 J. Weinstein, H. Korn & A. Miller, *supra*, New York Civil Practice, ‛ 3019.12 at 30–447–48.

**4.** The Supreme Court's holding in *Bruce's Juices, Inc. v. American Can Co.*, 330 U.S. 743, 67 S.Ct. 1015, 91 L.Ed. 1219 (1947), that an alleged violation of § 2(a) of the Robinson-Pat-

issues going to the merits of a proposed defense were also decided on such a motion attributes far more meaning to the words the State courts used than they will reasonably bear.

Finally, even if the merits of the Robinson-Patman defense had been decided adversely to Super Star, that determination would not necessarily collaterally estop Super Star from maintaining its § 2(a) claim for treble damages in a federal forum. Numerous decisions uphold the exclusive jurisdiction of federal courts over treble damages claims under the federal antitrust laws and require that the federal antitrust plaintiff have an "untrammeled" forum "immune[e] . . . from prejudment elsewhere." *Lyons v. Westinghouse Electric Corp.*, 222 F.2d 184, 189 (2d Cir.), *cert. denied sub nom. Walsh v. Lyons*, 350 U.S. 825, 76 S.Ct. 52, 100 L.Ed. 737 (1955). *See* n.2, *supra*. In consequence, State court findings must be denied preclusive or binding effect where, as Bata apparently contends here, "the putative estoppel includes the whole nexus of facts that makes up the wrong." *Lyons v. Westinghouse Electric Corp., supra*, 222 F.2d at 189, 196 (distinguishing *Becher v. Contoure Laboratories, Inc.*, 279 U.S. 388, 49 S.Ct. 356, 73 L.Ed. 752 (1929)). *See Will v. Calvert Fire Insurance Co.*, 437 U.S. 655, 674–75, 98 S.Ct. 2552, 2563–2564, 57 L.Ed.2d 504 (1978) (Brennan, J., dissenting); *Kurek v. Pleasure Driveway and Park District of Peoria, Illinois*, 583 F.2d 378, 379 (7th Cir. 1978). *See also Citibank, N.A. v. Graphic Scanning Corp.*, 618 F.2d 222, 225 (2d Cir. 1980). *Compare Montana v. United States*, 440 U.S. 147, 155, 99 S.Ct. 970, 974, 59 L.Ed.2d 756 (1979) (suggesting circumstances when no collateral estoppel on issues relating to federal constitutional claims) *with Key v. Wise*, 629 F.2d 1049, 1061–67 (5th Cir. 1980) (statute providing federal forum for adjudication of State law issue does not require denial of collateral estoppel).

man Act is not a defense to a contract action supports this conclusion. Bata's argument

In conclusion, it is clear that Bata has not shown that it "is entitled to a judgment as a matter of law," Rule 56(c), F.R.Civ.P., on the ground that Super Star's Robinson-Patman claim is subject to the *res judicata* effect of the prior State court litigation between the parties. Accordingly, Bata's motion for summary judgment is denied.

So ordered.

posits that the State judges acted contrary to law.