659 So.2d 1112 (1995)
Petr TABORSKY, Appellant,
v.
STATE of Florida, Appellee.
Nos. 93-01599, 93-02558.
District Court of Appeal of Florida, Second District.
July 7, 1995.
Rehearing Denied August 31, 1995.
*1113 James Marion Moorman, Public Defender, and Cynthia J. Dodge, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dale E. Tarpley, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
In these consolidated appeals, appellant Petr Taborsky challenges two successive, sequential revocations of his probation. He was originally convicted and sentenced following a jury verdict finding him guilty of grand theft and theft of trade secrets. Having found no error in either of the two revocations of probation, we affirm.
This court affirmed the original convictions and sentence in Taborsky v. State, 579 So.2d 146 (Fla. 2d DCA 1991). We considered the same facts in Board of Regents v. Taborsky, 648 So.2d 748 (Fla. 2d DCA 1994), a civil matter. While those two previous decisions provide additional detail of the circumstances of the present appeal, we provide the following summary chronology.
After appellant was convicted of grand theft of research materials and trade secrets, the court sentenced him to one year in county jail, suspended, and fifteen years probation. The court also ordered appellant to return the originals and all copies of the research materials and not to use them in any way. The court also ordered appellant to pay restitution. Appellant appealed his convictions and sentence, and this court affirmed. He was subsequently charged with violating the terms of his probation for allegedly using the materials to acquire a patent. The court found that he had violated that condition and revoked his probation. Appellant challenges this first revocation of his probation in appeal number 93-01559, arguing that that condition of probation was neither contained in the written order of probation nor given to him verbally.
Having revoked appellant's probation, the court then proceeded to resentence appellant. In addition to imposing a suspended three-and-one-half-year sentence and an additional fifteen years of probation, the court imposed three special conditions of probation: (1) That appellant assign the patent to the victims; (2) that appellant not use the materials in any way; and (3) that appellant cease from using the information to apply for a patent. Appellant was again charged with violating his probation, this time for failure to assign the patent. Appellant's probation was once again revoked. He challenges that revocation in appeal number 93-02558. While we affirm both revocations and sentences, we address the following issues: (1) The propriety of the revocation; and (2) the trial court's jurisdiction to require an assignment of a patent acquired in violation of the conditions of probation as either restitution or as a further condition of continued probation after a violation of probation.
We turn first to appellant's challenge in appeal number 93-01559. He argues that the condition of probation he was charged with violating, prohibiting him from using the materials, was neither contained in the written order of probation nor clearly stated verbally. He is wrong. After appellant was convicted of grand theft of research materials and trade secrets, the trial judge, in orally imposing sentence and pronouncing the conditions of probation on February 9, 1990, clearly stated at the hearing:
If he has not already done so, he shall return the originals and all copies of these notebooks, in no matter what form the copies may be... .
He shall not utilize, in any manner whatsoever, for any purpose whatsoever, any of this research material, whether they be in writing or in any form.
In addition, the written order of probation, entered on February 9, 1990, referred to special conditions on an attached page. That attached page referred to restitution, which was then imposed in a subsequent order entitled, "Order Imposing Restitution And Reserving Jurisdiction." That order, dated February 13, 1990, not only reserved jurisdiction to determine an amount of restitution depending on appellant's ability to pay, it also provided:
3. The Defendant, if he has not already done so, shall return the originals of the research material at issue and any copies *1114 thereof to Assistant State Attorney Judy Hoyer by 5:00 p.m., February 12, 1990.
4. The Defendant shall not utilize in any manner whatsoever for any purpose whatsoever any of this research material.
We conclude then that the conditions of probation at issue were not only verbally clearly imposed, but were in writing as well. See Jacobsen v. State, 536 So.2d 373 (Fla. 2d DCA 1988).
Appellant was subsequently charged in a violation of probation affidavit filed August 5, 1992, with violating those terms. At the March 5, 1993 hearing on the violation of probation, the evidence convinced the trial judge that appellant had in fact used the prohibited information to acquire a patent to the detriment of the victims of the offenses. Although, prior to the violation of probation, the trial judge had, at the request of the victims and because of appellant's financial inability, deleted the requirement "that the defendant make restitution," that deletion did not pertain to the remaining restriction prohibiting use of the materials.
Moreover, at the hearing on the violation of probation, it became clear that appellant knew of and understood the probationary condition. During appellant's counsel's direct examination of appellant, he admitted that he remembered the court advising him of the condition:
Q. When were you first advised that there was a problem  let me back up. When you were advised the conditions of your probation, were you ever advised that  by a probation officer that you could not use the research materials in any manner whatsoever?
A. No.
THE COURT: Hold it. Did I advise you?
THE DEFENDANT: I don't believe you did.
THE COURT: Do you remember this statement to me at the time of your  the statement from me to you, "He shall not utilize in any manner whatsoever for any purpose whatsoever any of this research material whether they be in writing or in any form?"
THE DEFENDANT: Yes, I remember that very clearly.
Having found that the condition of probation was clearly imposed, both verbally and in writing, and that appellant plainly acknowledged that he was advised of it, we conclude that there was no error in its imposition. Accordingly, we affirm the court's revocation of appellant's probation in appeal number 93-01559.
Turning to appellant's challenge in appeal number 93-02558, we address his challenge to the propriety of the revocation. Having found appellant guilty of violating his probation by using the material, the trial judge not only revoked appellant's probation and sentenced him anew, he also imposed special written conditions of probation as follows:
(24) Therefore, as a special condition of his new probation, Mr. Taborsky shall, within 14 days of today's date, execute an assignment prepared by the attorneys for the victims assigning all of his rights, title and interest in patent number 5,082,813 issued to Mr. Taborsky on January 21, 1992 by the United States Patent Office which has been received in evidence as State's exhibit number 3 at the probation revocation hearing.
(25) Another special condition of his probation, Mr. Taborsky is again enjoined, ordered and directed not to utilize in any manner whatsoever, directly or indirectly, any of the sponsored research material, information, or data in whatever form he derived, acquired or learned while employed with the University of South Florida as a graduate research assistant under the supervision of Doctor Robert Carnahan or any other representative of the University of South Florida relating to the sponsored research project conducted pursuant to the contract entered into between the University of South Florida and Progress Technologies Corporation in August of 1987, the contract entered into between the University of South Florida and Progress Water Technologies Corporation entered into in September of 1988, and the confidentiality agreement into between Progress Waters Technologies Corporation and the defendant on October 28, 1988.

*1115 (26) Special condition directing and ordering Mr. Taborsky to immediately cease and desist now and in the future so long as he is on probation from utilizing this information in any patent application, including any patent application now pending for consideration.
It is these conditions that he was charged with violating in appeal number 93-02558. On April 26, 1993, appellant was again charged with violating his probation, this time for failure to assign the patent to the victims, as required by his new sentence and conditions of probation. On July 12, 1993, the trial judge, having once again found appellant guilty of violating his probation, revoked that probation and sentenced appellant yet again, this time to three-and-one-half years in prison, followed by eleven-and-one-half years probation.
While appellant argues that the trial judge had no authority to order him to assign the patent to his victims, either as a form of restitution or as a condition of probation, we disagree. In Carmo v. State, 378 So.2d 850 (Fla. 4th DCA 1979), this court held:
The trial court is vested with broad discretion in determining the conditions of probation. If a probationer is determined to have violated any of the terms or conditions of his probation, and the court desires to restore him to probation after finding such a violation, the court may, at that time, impose additional conditions. This would be considered a new probationary period.
Appellant had been found financially unable to make monetary restitution. He had been convicted of the theft of intellectual properties which he had been found to have used in violation of the court's probationary terms. The only way to effectuate restitution was to require appellant to assign the patent. In Richardson v. Suzuki Motor Co., Ltd., 868 F.2d 1226 (Fed. Cir.), cert. denied, 493 U.S. 853, 110 S.Ct. 154, 107 L.Ed.2d 112 (1989), the Federal Circuit Court of Appeals recognized the ability of a court to require assignment of a patent to correct a wrong otherwise beyond remedy when it held:
The remedy of assignment of the Tamaki patents is a different question from whether Richardson is a sole or joint inventor. The correction of inventorship is an administrative step, and is not before the court. Similarly, the presence of a further modification in one or two claims of the patent directed to the Alternate Shock Mount does not negate the imposition of an equitable remedy. To hold otherwise would ratify and indeed reward the wrongdoing.
Based on the jury verdict, Richardson is entitled to ownership of the patents as against Suzuki. Such remedy is appropriate under the circumstances; see, e.g., Colgate-Palmolive Co. v. Carter Products, Inc., 230 F.2d 855, 865, 108 USPQ 383, 391 (4th Cir.), cert. denied, 352 U.S. 843, 77 S.Ct. 43, 1 L.Ed.2d 59 (1956) (corporate assignee of patent application ordered to assign to original holder of trade secrets all rights to patent applications based thereon); DeLong Corp. v. Lucas, 176 F. Supp. 104, 134 (S.D.N.Y. 1959), aff'd., 278 F.2d 804 (2d Cir.), cert. denied, 364 U.S. 833, 81 S.Ct. 71, 5 L.Ed.2d 58 (1960) (when an employee has acquired patents on inventions developed by his former employer, "the courts will hold the wrongdoer to be a constructive trustee of the property misappropriated and will order a conveyance by the wrongdoer to the former employer"); Becher v. Contoure Laboratories, Inc., 279 U.S. 388, 49 S.Ct. 356, 73 L.Ed. 752 (1929) (same); Saco-Lowell Shops v. Reynolds, 141 F.2d 587, 598, 61 USPQ 3, 13 (4th Cir.1944) (requiring assignment of patent based on ideas received by licensee from licensor in confidence during development of invention for market).
Suzuki argues that Richardson has no remedy other than by seeking an interference in the United States Patent and Trademark Office with his own invention, and presumably by taking similar actions, if such are available, in other countries. We do not agree. The courts are not powerless to redress wrongful appropriation of intellectual property by those subject to the court's jurisdiction.
Richardson, 868 F.2d at 1249-1250. We conclude that this analysis applies equally to the facts before us and conclude that the court *1116 did have the authority to order the assignment of the patent. Accordingly, when appellant failed to comply with the probation condition by refusing to assign the patent to the victims, the court properly revoked his probation. We find no error here.
Having found no error in either revocation of probation or in the sentence imposed, we accordingly affirm both appeal number 93-01559 and appeal number 93-02558.
RYDER, A.C.J., and WHATLEY, J., concur.