240

**SPOHN v. UNITED STATES.**
Civ. No. 76–17.

United States District Court
S. D. New York.
June 16, 1954.

Randolph J. Seifert, New York City, for plaintiff.

J. Edward Lumbard, U. S. Atty., New York City, by Matthew A. Campbell, Asst. U. S. Atty., New York City, of counsel, for U. S.

GODDARD, District Judge.

This is a motion by the defendant to dismiss the complaint, pursuant to Rule 12(b)(1) and (6) of the Federal Rules, 28 U.S.C.A., on the ground that the court lacks jurisdiction of the subject matter, and/or that the complaint fails to state a claim against the defendant upon which relief may be granted.

The suit is for wrongful death brought under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq. Plaintiff sues as the administrator of the estate of Louise S. Spohn.

The complaint alleges in substance that the deceased was killed in a crash in Lake Michigan of a Northwest Airlines passenger plane; that the plane was under the direction of defendant, and its agents; that the accident occurred through the negligence of defendant's agents in controlling and directing the plane, in failing to take proper precautions for the proposed flight, in failing to avail themselves of weather reports, in negligently causing and permitting the plane to proceed in flight when they knew it was dangerous to do so, and in failing to adopt the approved regulations of safe flight. Particularly, it is alleged that defendant was negligent in its operation of the control tower at Milwaukee, in that when the plane requested special permission to use a lower altitude because of extreme atmospheric conditions known to defendant's agents, they refused to grant such permission though they knew of the extremely hazardous weather conditions affecting the plane.

Defendant's answer is substantially a general denial of the foregoing allegations, and it pleads as separate defenses the grounds alleged here in its motion.

There are no affidavits before the court, and I must rule on this motion solely on the pleadings.

With regard to the motion to dismiss for failure to state a claim, it is said in 2 Moore's Federal Practice, p. 2245:

"But a complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.*" cf. Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774.

As the Court of Appeals for this Circuit declared in Virgin Islands Corporation v. W. A. Taylor & Co., 2 Cir., 1953, 202 F.2d 61, at page 65:

"A motion to dismiss a complaint, without the aid of anything except the complaint itself, is usually a most undesirable way for a defendant to seek a victory. For, on such a motion, the court must construe the complaint's language in a manner most favorable to the plaintiff; and, if that language is at all ambiguous, seldom will it, when thus generously construed, fail to show a cause of action."

With regard to the motion to dismiss for lack of jurisdiction over the subject matter, it is defendant's position that this action does not come within the scope of the Federal Tort Claims Act, Title 28 U.S.C.A. § 1346(b), and also that it is excluded therefrom by Title 28 U.S.C.A. § 2680(a).

Title 28 U.S.C.A. § 1346(b) provides in part:

" * * * the district courts * * *, shall have exclusive jurisdiction of civil actions on claims against the United States, * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Title 28 U.S.C.A. § 2680(a) provides that Section 1346(b) shall not apply to—

"Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

The applicability of the Federal Tort Claims Act to a suit of this nature is an important question, both to this plaintiff in this suit, and to the government in this and possible future suits. A reading of the statutory sections, supra, indicates the necessity of having the facts before the court for a proper ruling on the application of the Act. Without passing upon the correctness of the decision, I note that in Union Trust Co. of District of Columbia v. United States, D.C., 113 F.Supp. 80, the court held that a suit for wrongful death, allegedly arising out of the concurrent negligence of the government's airport control tower personnel, could be maintained under the Federal Tort Claims Act.

I feel that it is highly undesirable, if not impossible, to rule upon such a question in the absence of sufficient facts. As the court said in Montgomery Ward & Co. v. Schumacher, D.C., 3 F.R.D. 368, 370, involving a similar motion:

" * * * the Court should have open to it a wider vista than presented within the four corners of the pleadings, before determining the important question as to whether the plaintiff shall stay in court or not."

The court there deferred the ruling on the motion to dismiss until the facts

242

should be before it, pursuant to Rule 12(d). Cf. Hawn v. American S. S. Co., D.C., 26 F.Supp. 428; Kaus v. Huston, D.C., 35 F.Supp. 327; Equitable Life Assurance Society of United States v. Kit, D.C., 26 F.Supp. 880.

On the present state of the record, the motion to dismiss the complaint is deferred, in both its parts, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure.

Settle order on notice.