OSTOW & JACOBS, INC., Plaintiff,

v.

MORGAN–JONES, INC., and Aileen Mills
Co., Inc., Defendants.

United States District Court
S. D. New York.

Feb. 17, 1960.

**698**

Charles Sonnenreich, New York City, for plaintiff.

Burke & Burke, New York City, for defendant Morgan-Jones, Inc., Harold W. Wolfram, George I. Harris, New York City, of counsel.

DIMOCK, District Judge.

Defendant Morgan-Jones, Inc., hereinafter Morgan-Jones, moves for reargument of its motion, which I denied, to dismiss the complaint. The motion was made on the ground that the federal court lacked jurisdiction of the claim against Morgan-Jones. Plaintiff based its opposition to the motion largely on a letter dated May 7, 1959, and I assumed in denying the motion that the claim was supported by the letter. It now appears that that letter was not written until two days after the suit was brought against Morgan-Jones and Morgan-Jones now grounds its motion for reargument largely on that fact.

The motion to dismiss for lack of jurisdiction of the federal court was made upon an affidavit that defendant Morgan-Jones had no right, title or interest in the patent which Morgan-Jones claimed was valid and infringed. On the argument it turned out that Morgan-Jones was not an owner of the patent or even a licensee so that there was a grave question whether jurisdiction could be grounded upon the status of Morgan-Jones with respect to the patent. The complaint, however, contained allegations which would support a claim that plaintiff's goods were disparaged by assertion by Morgan-Jones that there was an applicable patent. In my original opinion I relied upon the letter of May 7 as establishing prima facie such disparagement of title. As above stated this letter was not written until two days after the action was begun as against Morgan-Jones.

No facts have been asserted by way of affidavit which would throw any doubt on plaintiff's allegation of Morgan-Jones' disparagement of its goods. All that Morgan-Jones has done is to show that the letter of May 7, which the court accepted as the instance of disparagement on which plaintiff relied, was not written until two days after the suit was brought against Morgan-Jones. It may be that, even in an equity suit like this, if there were not facts enough to support jurisdiction at the time it was begun, later happening facts could not supply the deficiency. Wappler v. Woodbury Co., 246 N.Y. 152, 158 N.E. 56. Plaintiff does not, however, have to present affidavits to support his complaint on this motion unless defendant presents facts tending to show that the allegations of the complaint cannot be supported.

It is true that it has been held that the burden is always on the plaintiff to show that the court has jurisdiction. Williams v. Minnesota Mining & Manufacturing Co., D.C.S.D.Cal.C.D., 14 F.R.D. 1. This cannot mean, however, that a defendant, without any proof on his part, can put plaintiff to proof by affidavit of jurisdictional facts sufficiently alleged in the complaint. Defendant must at least submit some proof that the jurisdictional facts so alleged do not exist. Defendant Morgan-Jones has not even denied that it disparaged plaintiff's goods. Thus, even if the letter of May 7 was not properly before the court the motion was correctly decided. It is true that the fact that the letter emanated from defendant's home office in New York was one of the factors which led me to the conclusion that the law of New York, rather than that of some other state, applied. Nevertheless the application of New York law is sufficiently indicated under our liberal rules of pleading by the allegation that defendant Morgan-Jones was a New York corporation "located and doing business at 402 Fifth Avenue, City, County and

State of New York". The motion for reargument of the motion to dismiss for lack of jurisdiction must be denied.

Defendant Morgan-Jones moves in the alternative for an amendment of the order so as to permit an immediate appeal to the Court of Appeals pursuant to section 1292(b) of title 28 U.S.Code. There is a flat allegation in the complaint that defendant Morgan-Jones, well knowing that a design patent on certain bedspreads was invalid, has been conducting a campaign of unfair competition by threatening and harassing plaintiff's customers and prospective customers and has represented that plaintiff's customers and manufacturing contractors would likely be liable for suit and infringement if they manufactured and sold such bedspreads. This is undenied by affidavit and no answer has been filed. An appeal from the order would be in substance an appeal from a decision that the complaint stated a claim within the jurisdiction of the federal court. I cannot say that the answer to that question is of sufficient doubt to warrant an extraordinary interlocutory appeal. A complaint must be sustained unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. Spohn v. United States, D.C.S.D.N.Y., 16 F.R.D. 240. Even if the complaint here did not indicate that New York law applied, plaintiff would certainly be allowed under it to prove that the New York law applies. It is clear that if the New York law does apply the burden is upon plaintiff to prove that the statements made by defendant Morgan-Jones were false and plaintiff cannot do that without proving that the patent is invalid or uninfringed. Since plaintiff must make that proof the action arises under the Act of Congress relating to patents and the federal court has jurisdiction.

The motion of defendant Morgan-Jones for an extension of time to answer for ten days after the determination of this motion for reargument is granted.

So ordered.