87 N.J. Super. 518 (1965)
210 A.2d 95
JOSEPH ZEMBA, PLAINTIFF,
v.
FRANK J. RODGERS, RICHARD H. NAGEL, SAMUEL MOORE & CO., A CORPORATION, AND THE NYCOIL COMPANY, A CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided May 6, 1965.
*520 Mr. Frederick L. Bernstein for plaintiff (Mr. Walter H. Jones, attorney).
Mr. Donald A. Teare of the Ohio Bar for defendant Samuel Moore & Co. (Messrs. Carpenter, Bennett & Morrissey, attorneys).
MINTZ, J.S.C.
Defendant Samuel Moore & Co. (Moore) moves for dismissal of the complaint, asserting lack of jurisdiction over the person and the subject matter. R.R. 4:12-2(a), (b). At the conclusion of the oral argument the Court ruled that the proofs clearly indicated the existence of in personam jurisdiction over Moore. Decision was reserved as to the motion to dismiss for lack of jurisdiction over the subject matter.
Moore contends that the complaint sets forth a federal case under the patent laws of the United States. 28 U.S.C.A. § 1338(a). The complaint alleges that plaintiff Joseph Zemba produces in the course of his business a product known as "Coilhose," a flexible thermoplastic hollow coiled tubing formed in a series of compact adjacent convolutions, which has a self-restoring ability and which is adapted to withstand high internal pressures; that defendants Frank J. Rodgers and the Nycoil Company manufacture and sell in competition with plaintiff an exactly similar air hose made of coiled nylon tubing called "Nycoil," and that plaintiff and Rodgers were coinventors of the flexible air hose. They decided to apply for a patent on the product as coinventors and agreed to jointly develop and exploit the invention to be patented. To this end defendant Richard H. Nagel, a patent attorney, was consulted. Nagel and Rodgers then allegedly conspired to process the patent application without plaintiff, and to represent *521 Rodgers as the sole inventor. Pursuant to this plan, Rodgers falsely and fraudulently told plaintiff that the invention was unpatentable, that an application for the same would be rejected, and that he had doubt as to whether the patent application would be pursued. Rodgers and Nagel then filed a patent application with respect to the coil hose, resulting in the issuance of patent letters to Rodgers on or about February 20, 1962. The complaint further charges that Rodgers falsely and Nagel negligently prepared the application and did otherwise transact business with the United States Patent Office on behalf of Rodgers as original and sole inventor, when both defendants in fact knew or should have known that plaintiff and Rodgers were joint inventors.
The allegations of the complaint which follow are directed against Moore and the codefendants. They form the basis upon which Moore predicates its motion for dismissal. In summary, they state that after being issued the patent, Rodgers assigned it to Moore; that defendants have fraudulently applied to their own use money received in the development and exploitation of the invention; that plaintiff has a clear right as an original coinventor to make, use and sell products within the scope of the patent, and that defendants have falsely and maliciously informed plaintiff's customers and other persons having business relations with him that "Coilhose" constitutes an infringement of defendants' patent.
Plaintiff by way of relief requests a declaratory judgment of the rights of the parties to the subject matter in controversy; damages for fraud or negligence in handling the patent application, unfair competition, defamation, wrongful interference with existing and prospective economic advantages and loss of intellectual credit; accountings by defendants of their dealings respecting the invention; injunctions against defendants from asserting any rights under the patent, and an assignment from defendants of a one-half interest in the patent.
Moore relies on a series of federal court decisions in the Southern District of New York which hold that an action *522 brought by an alleged infringer under the Declaratory Judgments Act of 1934, now 28 U.S.C.A. § 2201, to establish the invalidity or noninfringement of a patent is a case arising under the laws of the United States. JFD Electronics Corp. v. Channel Master Corp., 229 F. Supp. 514 (S.D.N.Y. 1964); I.C.E. Corp. v. Armco Steel Corp., 201 F. Supp. 411 (S.D.N.Y. 1961); Ostow & Jacobs, Inc. v. Morgan-Jones, Inc., 189 F. Supp. 697 (S.D.N.Y. 1960). Therefore, it is urged this court cannot entertain a cause of action which is suitable for declaratory relief under the federal statutes because to do so would be in violation of the exclusive jurisdiction granted by Congress.
The cases cited above are all founded upon Ostow & Jacobs, Inc. v. Morgan-Jones, Inc., 180 F. Supp. 38 (S.D.N.Y. 1959). There, plaintiff sought a declaration that a defendant's patent was invalid and uninfringed; damages resulting from notices brought to the attention of plaintiff's customers asserting that its product infringed defendant's patent, and injunctive relief. The court sought to establish its jurisdiction as to the non-patentee defendant on the principle that an aspect of federal law was essential to the success of plaintiff's case in regard to the defamation issue. Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921). It distinguished American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916), where it had been held under similar circumstances that plaintiff was required to prove no facts concerning defendant's patent in order to establish defamation under the applicable state law, and therefore the complaint did not assert patent litigation. The two cases were differentiated on the basis of the state law applicable in each case. The court held that under New York law plaintiff would be required to prove as a part of his case that the defendant's patent was either invalid or uninfringed, and therefore the claim was one arising under an act of Congress relating to patents.
The case sub judice is postulated on a theory which distinguishes it from Ostow & Jacobs. This distinction is highlighted *523 in Cummings v. Moore, 202 F.2d 145 (10 Cir. 1953). There, plaintiff sought a declaratory judgment of his non-infringement of defendant's patent. The complaint alleged that defendant, while in plaintiff's employ, had secretly applied for and obtained the patent in his own name, whereas in truth plaintiff had been the developer of the invention; and that defendant had subsequently interfered with plaintiff's business by sending notices of infringement to his customers. The prayer asked that plaintiff be declared the lawful owner of the patent and a non-infringer; that defendant be directed to convey the patent to plaintiff, and that defendant be made to account for profits and be restrained from further interference. The court preliminarily stated:
"* * * In the absence of diversity of citizenship with the requisite amount in controversy, a United States Court does not have jurisdiction under the patent laws of an action in which the gravamen of the claim pleaded in the complaint is that a confidential relation existed between plaintiff and defendant; that in wrongful disregard of the relation defendant obtained a patent upon the invention of plaintiff; that defendant is trustee ex maleficio for plaintiff in respect to the ownership of the patent; and that defendant should be required to deliver to plaintiff an assignment of such patent. The general equitable right of plaintiff in an action solely and exclusively of that nature is independent of the patent laws." (at p. 147)
However, the court then noted that during the pretrial conference plaintiff had effectively abandoned all the allegations of his complaint concerning the breach of trust and the equitable rights to an assignment of the patent and damages. All that remained in the case were claims for a declaration of non-infringement on the grounds that the patent was void for non-invention, and for damages on account of the false notices sent to plaintiff's customers. These claims were held to set forth a federal case. Thus, the court indicated that had plaintiff based his cause of action upon equitable grounds traditionally enforceable in state courts, no federal jurisdiction would have existed.
Plaintiff's cause of action is premised on his alleged coinvention and joint ownership of a product upon which a *524 patent has issued. The wrong he complains of is the fraudulent prosecution of the patent application and exploitation of that patent to his exclusion. In addition to being denied direct participation in the enjoyment of the patent, he claims that defendants are disparaging his right to manufacture the product, thereby interfering with his economic prospects. The resolution of such questions depends on principles of common law and equity governing fraud and disparagement, and plaintiff's rights are dependent upon such principles. Becher v. Contoure Laboratories, 279 U.S. 388, 49 S.Ct. 356, 73 L.Ed. 752 (1929); American Well Works Co. v. Layne & Bowler Co., supra; Pratt v. Paris Gas Light & Coke Co., 168 U.S. 255, 18 S.Ct. 62, 42 L.Ed. 458 (1897); Muskegon Piston Ring Co. v. Olsen, 307 F.2d 85 (6 Cir. 1962), certiorari denied 371 U.S. 952, 83 S.Ct. 508, 9 L.Ed.2d 500 (1963); Cummings v. Moore, supra; Lion Mfg. Corp. v. Chicago Flexible Shaft Co., 106 F.2d 930 (7 Cir. 1939); Oil Conservation Engineering Co. v. Brooks Engineering Co., 52 F.2d 783 (6 Cir. 1931); Misani v. Ortho Pharmaceutical Corp., 83 N.J. Super. 1 (App. Div. 1964), certification granted 43 N.J. 264 (1964); Irving Iron Works v. Kerlow Steel Flooring Co., 96 N.J. Eq. 702 (E. & A. 1924). Plaintiff has not sought a declaratory judgment to void the patent on the federal grounds of non-invention. Nor has he based his claim for disparagement on the invalidity of the patent. Instead, plaintiff claims ownershop of an interest in the patent, and demands an assignment of that interest and damages resulting from slander of his ownership. As the Cummings case indicates, these are substantially different causes of action, independent of the patent laws.
The Federal Declaratory Judgments Act, supra, is procedural only and did not create federal jurisdiction where it did not already exist. It does not deprive this court of jurisdiction over a cause of action arising under state law. Aralac, Inc. v. Hat Corp. of America, 166 F.2d 286 (3 Cir. 1948); Borchard, Declaratory Judgments (2d ed. 1941), p. 802 et seq.
*525 It is urged that if plaintiff's rights are established in this court, the effect is to invalidate the patent. "Establishing a fact and giving a specific effect to it by judgment are quite distinct." Becher v. Contoure Laboratories, supra, 279 U.S., at p. 391, 49 S.Ct., at p. 357. Although a patent not issued in the name of the true inventor may be void as a matter of federal law, 35 U.S.C.A. § 102(f) (1954); Kennedy v. Hazelton, 128 U.S. 667, 9 S.Ct. 202, 32 L.Ed. 576 (1888), it takes a decree of a court of the United States to effectuate that fact. State courts are free to render judgments on local causes of action and to find facts which would logically void the patent in an appropriate suit in the federal courts. Such findings in a state court action for fraud and disparagement do not void the patent, although a federal court may at a later time apply the doctrine of collateral estoppel and declare the patent void. Vanderveer v. Erie Malleable Iron Co., 238 F.2d 510 (3 Cir. 1956), certiorari denied 353 U.S. 937, 77 S.Ct. 815, 1 L.Ed.2d 760 (1957); Becher v. Contoure Laboratories, supra.
Moore, as assignee of a party alleged to have misappropriated the patent, possibly may have defenses not available to its assignor that go to the merits of the action but which do not relate to the question of jurisdiction. If Moore has any federally created rights to assert in defense, it may assert them in this proceeding. Public Service Comm. of Utah v. Wycoff Co. Inc., 344 U.S. 237, 247-248, 73 S.Ct. 236, 97 L.Ed. 291 (1952); American Well Works Co. v. Layne & Bowler Co., supra.
The motion is denied. An appropriate order will be submitted consented to as to form or to be settled on notice.