Marcos Y. KLEINERMAN, Plaintiff,

v.

Elias SNITZER, Francis J. Caufield, and Polaroid Corporation, Defendants.

Civ. A. No. 90–40014–XX.

United States District Court, D. Massachusetts.

Oct. 15, 1990.

Marcos Y. Kleinerman, Southbridge, Mass., pro se.

Don M. Kennedy, Paula M. Bagger, Goodwin, Procter & Hoar, Boston, Mass., for defendants.

ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION OF REMAND AND PLAINTIFF'S MOTION FOR EXPEDITING REMAND

SKINNER, District Judge.

On March 27, 1990, I ordered the clerk to remand this case to the Superior Court for Worcester County, Massachusetts. The defendants have moved for a reconsideration of this order. The plaintiff has moved for expedited remand.

The defendants assert that this case arises under federal patent law and that as a a result the federal court has exclusive jurisdiction under 28 U.S.C. § 1338.[1] The plaintiff contends that none of his claims arises under the federal patent laws.

The United States Supreme Court recently has held that § 1338 jurisdiction extends:

only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.

*Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 809, 108 S.Ct. 2166, 2173, 100 L.Ed.2d 811 (1988). The Court ruled further that "a claim supported by alternative theories in the complaint may not form the basis for § 1338 jurisdiction unless patent law is essential to each of those theories." *Christianson*, 486 U.S. at 810, 108 S.Ct. at 2174.

The defendants maintain that federal patent law is a necessary element of Counts I, IV, and V in the amended complaint. Count I alleges that defendant Snitzer "breached the trust implied in plaintiff's disclosure to him of plaintiff's technology and knowingly misappropriated plaintiff's technology, to plaintiff's detri-

1. Section 1338(a) reads, in relevant part, "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents...."

ment." Count IV alleges that defendant Caufield, Polaroid Corporation's senior patent attorney, helped Mr. Snitzer to commit the acts alleged in Count I. Count V alleges that Polaroid, through the tortious acts of its employees, misappropriated the plaintiff's technology. The complaint seeks compensatory and punitive damages.

 The defendants argue that the misappropriation counts arise under federal patent law, because the only act alleged in support of these counts was Mr. Snitzer's filing of a patent application without making the disclosures required by 37 C.F.R. § 1.56(a).[2] The plaintiff claims that the counts are based on an allegation of common-law fraud.

Mr. Kleinerman never obtained a patent for the technology he claims that he invented; Mr. Snitzer did. The plaintiff, therefore, is not seeking to enjoin a defendant from infringing on his patent. Instead, he is seeking damages for various commonlaw torts. In an action to determine title to certain patents and for patent infringement, if "the plaintiff seeks affirmative relief as a basis for his right to relief for infringement, then the action is not one arising under the patent laws. Such an action belongs properly in a state court...." *Laning v. National Ribbon & Carbon Paper Mfg. Co.*, 125 F.2d 565 (7th Cir.1942). This case also is appropriate for state court jurisdiction since the plaintiff is seeking only affirmative relief.

In a case similar to this one, the plaintiff had no patent, but claimed that the defendant had fraudulently obtained a patent for a product that the plaintiff had co-invented. *See Zemba v. Rodgers*, 87 N.J.Super. 518, 210 A.2d 95 (1965). The plaintiff's allegations in *Zemba* were similar to Mr. Kleinerman's allegations in this case. Mr. Zemba alleged that the defendant fraudulently told the plaintiff that their joint invention was unpatentable, and then fraudulently obtained a patent for himself by claiming to be the sole inventor at the Patent Office.

The court found that resolution of the plaintiff's claims depended on common-law principles governing fraud. The court noted that the plaintiff had not sought a declaratory judgment to void the defendant's patent and had not based his claim on the invalidity of the patent. The court concluded that the state court had jurisdiction.

The defendants in this case argue that adjudication of the misappropriation counts requires an interpretation of federal patent law. The United States Supreme Court has held, however, that even if the logical conclusion of establishing the plaintiff's claim is that the defendant's patent is invalid, where the plaintiff has not asked for a declaration of invalidity, the effect of judgment would not be to invalidate the patent:

> Oppenheimer's right was independent of and prior to any arising out of the patent law, and it seems a strange suggestion that the assertion of that right can be removed from the cognizance of the tribunals established to protect it by its opponent going into the patent office for a later title.... That decrees validating or invalidating patents belong to the Courts of the United States does not give sacrosanctity to facts that may be conclusive upon the question in issue.

*Becher v. Contoure Laboratories, Inc.*, 279 U.S. 388, 391, 49 S.Ct. 356, 357, 73 L.Ed. 752 (1929) (Holmes, J.). Mr. Kleinerman has not asked for any relief under the federal patent laws. He is seeking damages for common-law torts.

Accordingly, defendants' motion for reconsideration is denied. Plaintiff's motion for expediting remand is allowed. Since the case will be transferred to state court, defendant Polaroid's motion for a protective order is not before me.

2. 37 C.F.R. § 1.56(a) reads, in relevant part: "A duty of candor and good faith toward the Patent and Trademark Office rests on the inventor, on each attorney or agent who prepares or prose-cutes the application.... All such individuals have a duty to disclose to the Office information they are aware of which is material to the examination of the application."