### The CONNECTICUT HOSPITAL ASSOCIATION, Plaintiff,

v.

### Donald C. POGUE, and Donald F. Miller, Defendants.

Civ. A. No. 3:94CV1224(AVC).

United States District Court, D. Connecticut.

Nov. 16, 1994.

Order and Judgment Nov. 30, 1994.

**446**

William J. Doyle, Karen L. Clute, Edward Wood Dunham, Wiggin & Dana, New Haven, CT, for plaintiff.

Phyllis E. Hyman, Attorney General's Office, Hugh Barber, Richard J. Lynch, Attorney General's Office, Health & Human Services, Hartford, CT, for Donald C. Pogue.

Richard K. Greenberg, Attorney General's Office, Finance & Public Utilities, John G. Haines, Attorney General's Office, Hartford, CT, for Donald F. Miller.

*RULING ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

COVELLO, District Judge.

This is an action for injunctive relief brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The plaintiff seeks to enjoin the defendants, public officials, from implementing and enforcing sections fourteen through thirty-three of Connecticut Public Act 94–9 ("P.A. 94–9"). The plaintiff now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 on the grounds that there are no genuine issues of material fact and that as a matter of law, it is entitled to judgment. The defendants simultaneously move to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of jurisdiction over the subject matter and

for failure to state a claim upon which relief can be granted. The defendants also cross-move for summary judgment. The issue presented is whether P.A. 94–9 relates to "any employee benefit plan" and is therefore preempted by ERISA. The court concludes that P.A. 94–9 is preempted by ERISA and therefore grants the plaintiff's motion for summary judgment. The defendants' motion to dismiss and cross-motion for summary judgment are denied.

*FACTS*

On February 25, 1994, the court held that Connecticut's Uncompensated Care Pool Act ("UCP act"), P.A. 91–2 and P.A. 92–16, codified at Conn.Gen.Stat. § 19a–168 *et seq.*, was preempted by ERISA. *New England Health Care Employees Union District 1199, et al. v. Mount Sinai Hospital,* 846 F.Supp. 190 (D.Conn.1994). Subsequent to this ruling, the Connecticut legislature passed P.A. 94–9, "An Act Terminating the Uncompensated Care Pool Act." Public Act 94–9 abolished the "pooling mechanism" component of the UCP act. Sections 14 through 20 of P.A. 94–9, however, retain the same six percent sales tax as the UCP act on all payments received for patient care services. In addition, sections 21 through 25 impose a gross earnings tax on all general hospitals. Furthermore, sections 26 through 33 provide for a hospital net revenue cap, which specifically authorized shifting costs of uncompensated care from government payers to private pay patients.

The plaintiff, Connecticut Hospital Association ("CHA"), a voluntary non-profit association of hospital facilities, consists of thirty-one general hospitals that are the subject of P.A. 94–9. The CHA claims that it is a fiduciary of an ERISA benefit plan that provides medical and hospitalization benefits to its employees and their dependents. The defendant, Donald C. Pogue, is chairman of the Connecticut commission on hospitals and health care and is responsible for the development, implementation and oversight of Connecticut's system of regulating hospital revenues and capital expenditures. The defendant, Donald F. Miller, is commissioner of the Connecticut department of revenue ser-

vices and is responsible for the administration, collection and enforcement of the sales tax and gross earnings tax established by P.A. 94–9.

## STANDARDS

The defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), alleging that the court lacks subject matter jurisdiction.

In reviewing a motion to dismiss under Rule 12(b)(1), the court construes the complaint broadly and liberally in conformity with the principle set out in Federal Rule of Civil Procedure 8(f). 5A Charles Wright, Arthur Miller, *Federal Practice and Procedure* § 1350, at 218–19 (1990). The mover and pleader may use affidavits and other materials beyond the pleadings in support of or in opposition to a challenge to the court's subject matter jurisdiction. *Land v. Dollar,* 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947). Once challenged, the burden of establishing subject matter jurisdiction rests on the party asserting jurisdiction. *Thomson v. Gaskill,* 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942). Dismissals for lack of subject matter jurisdiction are not predicated on the merits of the claim. *Exchange Nat'l Bank of Chicago v. Touche Ross & Co.,* 544 F.2d 1126, 1130 (2d Cir.1976), *cert. denied,* 469 U.S. 884, 105 S.Ct. 253, 83 L.Ed.2d 190 (1984).

With respect to the plaintiff's motion for summary judgment, the court notes that summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate only when the moving party can establish that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *United States v. Diebold,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). The court must decide "whether the evidence ... is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2515, 91 L.Ed.2d 202 (1986). The burden is on the moving party to show that no material facts are in dispute. *Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 57 (2d Cir.1987). The court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities against the moving party. *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987).

## DISCUSSION

### Motion to Dismiss

The defendants, in support of their motion to dismiss for lack of subject matter jurisdiction, assert that the plaintiff lacks standing to sue because it is not a fiduciary as defined by ERISA. However, the defendants have failed to provide any evidence to rebut the plaintiff's assertion that it is a fiduciary. The plaintiff, on the other hand, has submitted a number of affidavits to support its fiduciary status.

The court in *Ostow & Jacobs, Inc. v. Morgan–Jones, Inc.,* 189 F.Supp. 697, 698 (S.D.N.Y.1960), stated that a defendant "must at least submit some proof that the jurisdictional facts so alleged do not exist." Absent evidence to the contrary, the court finds that the plaintiff has sufficiently satisfied the jurisdictional requirements for ERISA standing. Thus, the defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

The defendant further moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The defendant asserts that the plaintiff is bringing this action based on its status as a hospital, not as a fiduciary. The plaintiff responds that it has alleged that it is a fiduciary and is thus entitled to challenge the validity of 94–9 on the grounds that it is preempted by ERISA, and also that it is entitled to injunctive relief to prevent the statute's continued enforcement.

The court will grant a defendant's motion to dismiss under 12(b)(6) only if "it appears beyond doubt that the [plaintiff] can prove no set of facts in support of the claim which would entitle [it] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). All factual allegations in

the complaint must be taken as true and all reasonable inferences from these allegations must be drawn in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■ The plaintiff's allegation that it is bringing this action as a fiduciary must be accepted as true. Under ERISA, a fiduciary is entitled to bring an action to challenge a state law or to seek injunctive relief barring its enforcement. 29 U.S.C. § 1132(a)(3) (1988). For these reasons, the defendants motion to dismiss under 12(b)(6) is therefore denied.

## Motion for Summary Judgment

In support of its motion for summary judgment, the plaintiff asserts that the material facts in this case are undisputed. Specifically, the plaintiff asserts that three recent cases in the Second Circuit, *Travelers Ins. Co. v. Cuomo,* 14 F.3d 708 (2d Cir.1993), *cert. granted,* —— U.S. ——, 115 S.Ct. 305, 130 L.Ed.2d 217 (1994), *NYSA–ILA Medical and Clinical Services Fund v. Axelrod,* 27 F.3d 823 (2d Cir.1994), and *New England Health Care Employees Union District 1199 v. Mount Sinai Hospital,* 846 F.Supp. 190 (D.Conn.1994), confirm that state laws such as P.A. 94–9 are preempted by ERISA.

■ The defendants respond that ERISA does not preempt P.A. 94–9 because the sales tax and gross earnings tax in P.A 94–9 are taxes of general applicability[1] and do not otherwise substantially impact ERISA plans. The defendants also argue that ERISA preemption cannot be invoked because to do so would impair the operation of the federal Medicaid act.

■ ERISA preempts state laws "insofar as they may now or hereinafter relate to any employee benefit plan" covered by the statute. 29 U.S.C. § 1144(a). A law "relates to" an ERISA plan "if it has a connection with or reference to such a plan." *District of Columbia v. Greater Washington Bd. of Trade,* —— U.S. ——, ——, 113 S.Ct. 580, 588, 121 L.Ed.2d 513 (1992). A state law may relate to an ERISA plan "even if the law is not specifically designed to affect such plans or the effect is only indirect." *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990). "Pre-emption does not occur, however, if the state law has only a 'tenuous, remote, or peripheral' connection with covered plans ... as is the case with many laws of general applicability." *Greater Washington Bd. of Trade,* —— U.S. at —— n. 1, 113 S.Ct. at 583 n. 1.

In *Travelers Ins. Co. v. Cuomo,* the Second Circuit affirmed the district court's ruling that ERISA preempted a law that imposed state surcharges which were designed to increase hospital costs for patients covered by health plans other than Blue Cross/Blue Shield.[2] The court found that these surcharges "purposely interfere[d] with the choices that ERISA plans make for health care coverage," and were thus "sufficient to constitute 'connection with' ERISA plans." 14 F.3d at 719. Specifically, the court found that the surcharges substantially increased the costs to ERISA plans of providing beneficiaries with a given level of health care benefits and caused these plans to either increase costs or reduce benefits. *Id.* at 720.

In *NYSA–ILA Medical & Clinical Services v. Axelrod,* the Second Circuit held that ERISA preempted a New York law that imposed a tax on gross receipts from patient care services and general operations of all hospitals in New York state. The court found that the law, which targets only the health care industry ("the realm where ERISA welfare plans must operate"), "affect[ed] the very operations and functions that make the [plaintiff] what it is, a provider of medical, surgical, and hospital care to its participants and their beneficiaries." 27 F.3d at 827. The court found that the law

---

1. A law of general application is one that does not treat ERISA plans differently than non-ERISA plans. *New England Health Care,* 846 F.Supp. at 198 n. 11.

2. According to the court, the purposes of these surcharges were to contain hospital costs and to increase the availability of hospital insurance coverage by allowing Blue Cross/Blue Shield to compete more effectively with other commercial insurers. *Travelers,* 14 F.3d at 712.

"relates to" the plaintiff in a very direct way in that it depleted assets earmarked for the provision of health care benefits and would have caused the plaintiff to reduce benefits provided and/or charge the beneficiaries more for benefits received. *Id.* Furthermore, the court held that a statute that relates to ERISA plans cannot escape preemption simply because the magnitude of the impact is thought to be insubstantial. *Id.* at 828.

Finally, in *New England Health Care Employees Union District 1199 v. Mount Sinai Hospital,* 846 F.Supp. 190 (D.Conn.1994), the court found that Connecticut's UCP Act, which created an uncompensated care pool funded by a six percent sales tax on hospital services plus an assessment on all hospital charges for patient care services, was preempted by ERISA. The court found that ERISA preempted the act, although one of general applicability, because it contemplated the existence of ERISA plans and depended upon their participation, thus posing a substantial economic burden on ERISA plans. *Id.* at 195–96. The court also found that ERISA preemption would not "impair" the Medicaid or Medicare acts because these federal laws do not depend on statutes such as the UCP act for their enforcement. 846 F.Supp. at 198.

■ As the above-mentioned cases illustrate, statutes that have a substantial economic impact on ERISA plans, causing such plans to either increase costs or reduce benefits, are preempted by ERISA. Although the defendants argue that P.A. 94–9 is a law of general application, it's primary directive is aimed at the health care industry, which is "the realm where ERISA welfare plans must operate." *NYSA–ILA,* 27 F.3d at 827. Assuming, *arguendo,* that the tax is a law of general application, the Second Circuit has found that ERISA preempts such laws even if they have "only an indirect effect on a pension plan." *Smith v. Dunham–Bush, Inc.,* 959 F.2d 6, 9 (2d Cir.1992). The sales tax at issue in the present case has a substantial impact on patients because much of

the patients' care services (including the sales tax) are funded by ERISA plans.

Likewise, the gross earnings tax in P.A. 94–9 "relates to" ERISA benefit plans because hospitals derive most of their gross earnings from patient care services, a large portion of which are paid by ERISA plans. The *NYSA–ILA* court struck down a New York law that taxed gross receipts from patient care services. The court concluded that the gross earnings tax "depletes those assets earmarked for the provision of health care benefits and, as a result, will cause the [fiduciary] to reduce benefits provided and/or to charge beneficiaries more in the future for benefits received." For these reasons, the court finds that ERISA preempts the gross earnings tax provisions of P.A. 94–9.

■ Similarly, the net revenue cap established in P.A. 94–9 constitutes an attempt to regulate hospital rates and authorizes shifting costs of uncompensated care from government payers to private pay patients. For all of the reasons previously discussed, the court concludes that these sections also have a substantial impact on ERISA benefits plans, and are therefore preempted by ERISA.

Finally, the defendants assert that a finding of preemption would "impair" federal law,[3] specifically the Medicaid act, 29 U.S.C. § 1144(d). However, this court, in *New England Health Care Employees Union,* 846 F.Supp. 190 (D.Conn.1994), found that because the Medicaid act does not depend on the UCP act for enforcement, the Medicaid act would not be "impaired" by a finding of preemption. *Id.* at 198–99. Likewise in this case, the Medicaid act would not be impaired by a finding that P.A. 94–9 is preempted.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss (document no. 14) and cross-motion for summary judgment (document no. 21) is denied, and the plaintiff's motion for summary judgment (document no. 16) is granted.

It is so ordered.

---

**3.** ERISA states that "[n]othing in this subchapter shall be construed to alter, amend, modify, invalidate, impair or supersede any law of the United States." 29 U.S.C. § 1144(d).

## ORDER AND JUDGMENT

On July 26, 1994, the plaintiff filed the present action for declaratory and injunctive relief, challenging the validity of sections fourteen through thirty-three of Connecticut Public Act 94–9 ("P.A. 94–9") as they related to employee benefit plans governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). Contemporaneously with the filing of the present action, the plaintiff filed motions for a temporary restraining order and a preliminary injunction.

Subsequent thereto, the parties entered into discussions with the governor's office in an attempt to resolve this matter. The discussions having been unsuccessful, the plaintiff, by way of a letter to the court dated August 24, 1994, renewed its request for prompt resolution of this matter. The defendants never objected.

Also on August 24, 1994, the plaintiff filed a motion for summary judgment, and the defendants filed a motion to dismiss. On September 12, 1994, the court ordered the parties to submit briefs. On September 14, 1994, the defendants filed a cross-motion for summary judgment. Neither party requested a stay of the court's determination of these motions.

On November 16, 1994, the court issued a ruling granting the plaintiff's motion for summary judgment and denying the defendants' motion to dismiss and the defendants' cross-motion for summary judgment. The court concluded that ERISA preempted sections fourteen through thirty-three of P.A. 94–9 to the extent that such sections affected ERISA employee benefit plans.

The parties now request a formal judgment from the court. The plaintiff, on the one hand, argues that the court's November 16, 1994 ruling invalidates sections fourteen through thirty-three of P.A. 94–9 in their totality. Accordingly, the plaintiff seeks an order enjoining the defendants from enforcing the relevant sections in any manner whatsoever. The defendants, on the other hand, argue that the ruling applies to the plaintiff alone, and only insofar as the plaintiff is "a fiduciary of the ERISA benefit plan that [it] maintains for its employees...."

The parties' positions are neither acceptable nor reflective of the court's November 16, 1994 ruling. In accordance with the court's ruling, the following orders shall enter:

(1) sections fourteen through twenty of P.A. 94–9, as amended, are preempted by ERISA to the extent that such sections impose a tax on payments wholly or partially funded through ERISA employee benefit plans, received for patient care services;

(2) sections twenty-one through twenty-five of P.A. 94–9, as amended, are preempted by ERISA to the extent that such sections impose a tax on those components of hospital gross income that are derived through ERISA employee benefit plans;

(3) sections 26 through 33 of P.A. 94–9, as amended, are preempted by ERISA to the extent that such sections affect revenue derived through ERISA employee benefit plans, received by hospitals;

(4) the defendant, chairperson of the Connecticut Commission on Hospitals and Health Care, and his successors are enjoined from enforcing sections fourteen through thirty-three of P.A. 94–9 against the fiduciaries or members of any ERISA employee benefit plan and any hospital insofar as the revenues received from such hospital are derived through ERISA employee benefit plans;

(5) the defendant, commissioner of the Connecticut Department of Revenue Services, and his successors are, similarly, enjoined from enforcing sections fourteen through thirty-three of P.A. 94–9 against the fiduciaries or members of any ERISA employee benefit plan and any hospital insofar as the revenues received from such hospital are derived through ERISA employee benefit plans;

(6) while any further collection of taxes in derogation of this ruling is prohibited, the mechanism for refunding any taxes previously collected in derogation of this ruling will be subject to the further order of the court.

It is SO ORDERED.